Triest *et al. vs.* Watts & Bro.

---

JACOB TRIEST *et al.*, plaintiffs in error, *vs.* J. G. WATTS & BRO., defendants in error.

<div style="float:right">

| 58 | 73 |
|----|----|
| f112 | 679 |
| f112 | 680 |

| 58 | 73 |
|----|----|
| 115 | 659 |

</div>

1. When an issue made by the debtor in resistance to a summary execution sued out to enforce a lien upon personal property, is found in favor of the creditor, the latter is not entitled to a general judgment, but only to a special judgment declaring the existence and amount of the lien, and providing for its enforcement against the specific property; and this is so, whether the property has been replevied or not.
2. There is no breach of a replevy bond until after the appropriate special judgment has been entered for the amount of the lien; which amount, when thus fixed, is the eventual condemnation money.
3. A general judgment, being unauthorized and therefore not capable of affecting the sureties on a replevy bond, will not be set aside at their instance. In respect to it, they are strangers.
4. The sureties on a replevy bond have no right to have the "lien proceedings" set aside on their motion, after the issue has been tried and found for the creditor.

Lien. Judgments. Principal and Security. Before Judge TOMPKINS. Chatham Superior Court. May Term, 1876.

Watts & Bro. foreclosed a lien on a saw-mill owned by McLeod & Bro., under the provisions of the act of February 21st, 1873. A levy was made and counter-affidavit filed by McLeod & Bro. Triest & Herman, and George G. Wilson, became securities on the replevy bond. Upon the above issue the jury found for the plaintiffs $2,233.06, with interest, " this amount being a lien as claimed by plaintiffs." Judgment was thereupon entered against the defendants and the securities on the replevy bond, jointly and severally.

The securities moved to set aside the proceedings to foreclose the lien, and the judgment rendered thereon, upon the following grounds:

1st. Because judgment was entered up against movants before any suit or proceeding against them on the bond was commenced.

2d. Because no judgment has ever been entered up against the mill property.

Then follow several grounds attacking the mode and form of the foreclosure, unnecessary to be set forth.

Pending this motion, the plaintiffs commenced an action of debt on the replevy bond, alleging that the defendants were jointly and severally indebted to them in the sum of $2,233.06, besides interest and cost, it being the amount of a judgment obtained on a lien procedure by plaintiffs against McLeod & Bro., which lien had been regularly foreclosed.

To this action the securities pleaded, that at the time of the commencement of said suit, plaintiffs had entered up judgment against them for the amount claimed, which judgment had not been vacated or set aside.

Also, that the plaintiffs refused to enter up judgment against the saw-mill upon which they claimed a lien, or to look to said property for the satisfaction of their demand against McLeod & Bro., but, on the contrary, insisted upon looking solely to said securities. That they had permitted said mill to be sold under a junior lien, and had refused, at the request of defendants, to assert their senior lien.·

Also, that said mill property was realty and not personalty, and therefore the foreclosure was void.

The two cases, to-wit: the motion to set aside the judgment, and the action on the bond, were heard together.

The court sustained the motion to set aside the judgment so far as the securities were concerned, but refused to vacate the proceedings had upon the foreclosure.

To this refusal the securities excepted.

The securities then moved to dismiss the suit against them on the bond, because, at the date of the commencement of

said action, a judgment had been entered up by the plaintiffs against them for the same cause of action, which had not been then set aside. The motion was overruled, and the securities excepted.

The jury found for the plaintiffs. The securities moved for a new trial upon the following, among other, grounds:

1. Because the court erred in refusing to set aside the lien proceedings and judgment against Watts & Bro. for the reasons above specified.

2. Because the court erred in charging the jury, that the plaintiffs were not bound to enter up judgment upon the verdict of the jury in said lien proceeding, against the property upon which the lien was claimed.

3. Because the court erred in charging that said plaintiffs had the right to enter up judgment as they did.

4. Because the court erred in charging that the bond given to replevy took the place of said property, and was similar to a replevy bond in attachment; that plaintiffs had the right to look to said bond entirely, and were not bound to rely upon the property upon which the lien was claimed.

The motion was overruled, and the securities excepted.

George A. Mercer, for plaintiffs in error.

A. P. Adams, for defendants.

Bleckley, Judge.

1. A *fi. fa.* for the summary enforcement of a lien on specific personalty, such as a saw-mill, may be arrested by a creditor of the defendant, as well as by the defendant himself, and this whether the property is replevied or not. Code, §1991, par. 4. It follows that the judgment upon the verdict deciding the issue must, in some cases, be a special judgment against the property, and cannot be a general judgment against the defendant. There is no provision of law (as there is in attachment proceedings) for one spe-

cies of judgment in some cases, and for another species in other cases. The result is, that, whether the property be replevied or not, the only judgment that can be rendered in favor of the plaintiff, is a special judgment declaring the property subject; the amount for which it is subject being also distinctly specified. The amount thus adjudged to the creditor as constituting a lien on the specific property, is the eventual condemnation money. The execution to be issued is for the enforcement of that lien; and, where the property has been replevied, the replevy bond is cumulative security for the discharge of the judgment. The original lien on the property, not being created by the levy, but existing prior to any seizure, Code, §1985, is not extinguished by the replevy bond. As soon as the appropriate special judgment has been entered, the replevy bond is available, and the plaintiff may sue thereon, with or without proceeding to enforce execution against the property, the sureties on the bond having the right to take up and control the execution on paying off the same, thereby discharging their obligation.

2. Until after the appropriate special judgment has been entered against the property, there is no breach of the replevy bond, and, consequently, an action on the bond, not supported by such a judgment, cannot be maintained.

3. A general judgment against the defendant, where only a special judgment could have been legally rendered, is not one that can be used to affect the sureties on the defendant's replevy bond, and the court will not set it aside at their instance, though it be subject to be set aside at the instance of the defendant himself.

4. After a verdict has been rendered, finding the denial of lien to be untrue, the court will not, at the instance of the sureties on the defendant's replevy bond, pass an order setting aside the "lien proceedings" and declaring them null and void, for any of the reasons specified in the record in this case. The sureties have no right to be heard on a

motion to set aside the proceedings, whatever may be their right to resist any judgment founded thereon, when it is sought to be used against them.

Judgment reversed.