## TRIEST *et al. vs.* WATTS & BROTHER.

Where an issue as to the existence of a lien on a saw-mill was found in favor of the plaintiffs, and a general judgment erroneously entered against the defendants and the sureties on their replevy bond, which judgment was subsequently set aside, there was no error in allowing a special judgment against the property to be afterwards entered *nunc pro tunc,* the legal status of the sureties not being affected thereby.

Practice in the Superior Court. Judgments. Before Judge TOMPKINS. Chatham Superior Court. May Term, 1878.

Watts & Bro. foreclosed a saw-mill lien against McLeod & Bro. A counter affidavit was filed, and issue formed. The jury found for plaintiffs. They entered a general judgment against the debtors and the sureties on their replevy bond. Plaintiffs also began suit on the bond. The sureties moved to set aside the judgment. This case and the suit on the bond were heard together. The general judgment was set aside. The plaintiffs then moved to enter a special judgment against the property *nunc pro tunc.* The court granted the motion, and the sureties (Triest *et al.*) excepted.

JACKSON, LAWTON & BASSINGER; GEORGE A. MERCER, for plaintiffs in error.

A. P. & S. B. ADAMS, for defendants.

WARNER, Chief Justice.

This was a motion made in the court below to enter a special judgment *nunc pro tunc* against a certain described steam saw-mill, in the county of Chatham, as indicated by the judgment of this court in the case of *Jacob Triest et al. vs. J. G. Watts & Bro.,* 58 *Ga.,* 73. On the hearing of the motion the court granted it; whereupon the defendants excepted. We find no error in allowing the special judg-

ment against the steam saw-mill to be entered *nunc pro tunc*, but that judgment is not to be considered as concluding the securities on the replevy bond from making any legal defense which they may have against said judgment, whenever the same shall be used for the purpose of interfering with their rights as such securities.

Let the judgment of the court below be affirmed.