THURMAN, administrator, vs. KYLE.

1. A citizen of Alabama, doing work or furnishing materials in Georgia, has the same remedies as a citizen of Georgia for like work done or material furnished, and may enforce his lien therefor under §§1979, 1980 of the Code.

2. Although parties may have agreed in Alabama as to the price of lumber to be furnished for building a house in Georgia, no quantity of lumber being agreed upon, but the same being furnished according to bills subsequently forwarded by the vendee, and the lumber was to be delivered in Georgia, and was so delivered and used, the law of the place of execution of the contract controls, with respect to its construction and the remedies for its enforcement.

February 9, 1884.

Liens. Mechanics. Contracts. States. Actions. Be-fore Judge FAIN. Dade Superior Court. March Term, 1883.

Reported in the ·decision.

GRAHAM & GRAHAM, for plaintiff in error.

JOHN G. HALE; R. J. McCAMY, for defendant.

JACKSON, Chief Justice.

The only matter in dispute between the parties in this case is, whether the plaintiff has a lien on the store-house of the defendant which can be enforced as valid and bind-ing.　The plaintiff lives and does business in sawing lum-ber in Gadsden, Alabama, and the defendant wanted lum-ber to build a store in Rising Fawn, Georgia, where he resi-ded.　So he made a contract in Gadsden with the plaintiff to furnish him the lumber, as it should be ordered by him from Rising Fawn, Georgia—the places being connected by rail.　It was ordered at different times in January and February, and sent to defendant at Rising Fawn, and used in building the store.　The lien was duly recorded; and the questions made are, first, is it an Alabama contract, made with a citizen of that state, and can he, on such con-tract, have a lien on property in Georgia, under sections 1979 and 1980 of the Code?　The language of 1979 is, among other things, " all contractors, material, men, and persons furnishing material for the improvement of real estate　*　*　*　shall each have a special lien on such real estate."

1. This plaintiff is a person who did furnish material to improve a lot in Rising Fawn, by its being contracted for and used in erecting a store-house on said lot.　So he is embraced in the words of the statute.　Is he excluded by being a resident of Alabama?　A citizen of Alabama, do-ing work or furnishing material in Georgia, has the same

remedies as a citizen of Georgia. This would seem to be settled by the constitution of the United States, and we are aware of no decision of any court to the contrary. See 2 Swan, 130.

2. But it is said that the contract was made in Alabama, and therefore there is no lien. True, it was made in Alabama so far as the agreement to sell and buy at a certain price is concerned, but the delivery under this agreement was to be made in Georgia, and the lumber was delivered at Rising Fawn, in Georgia, as called for at different times subsequent to the agreement. So that, to all reasonable interpretation, it was to be executed in the state of Georgia; and if the agreement was thus to be executed in Georgia, and the materials furnished in this state, for the improvement of real estate here, all doubt about the validity of the lien of an Alabama contract for lumber here would vanish; for the law of the place of the execution of a contract is the law of its construction, and the remedies for its enforcement. See 49th Barbour, 250, citing there 45 Barb., 249; The Alida, 1 Abb. Adm., 173; 3 Comst., 438; 17 N. Y., 458–465; 5 Sanf., 342,362; 2 Bosw., 506.

So in 78 N. Y. (Court of Appeals), much relied on by plaintiff in error, the entire work on the machine was done in New Jersey, and it was, when finished, there delivered, and there became the property of the defendant. The ruling of the court was simply that the mechanic's lien law of New York, for the counties of Kings and Queens, had no extra territorial effect, but was intended for the protection of those who perform labor or furnish materials within the state. The court say " when this engine was brought into this state and put into this factory, it belonged to the defendant. The plaintiff did not furnish any material in this state;" as much as to say, if he had, his lien would have been valid. And in that case, too, the court leave it an open question whether that engine did not improve real estate where erected, intimating that if it had, the lien, even in that case, would be good.

In the case at bar, the material was to be furnished in this state, to be put on this lot; it was so furnished and used, and did improve the lot.   So that even squaring this case with the strongest furnished by plaintiff in error, the lien here is good.

In 45 *Ga.*, 541, the case was that of a foreign contract executed in this state, and the point was made that it was so, and therefore no lien attached   but it was unnoticed by the court; the decision turning on another point.

In the case at bar, no complete contract was made in Alabama.   The witness says: " A verbal contract was made between Kyle and Curry as to prices of lumber * * which Curry said he wanted for the  purpose of building a store in Rising Fawn, Georgia.   No quality of lumber was at that time agreed on, Curry taking memorandum of prices, and said he would forward bills for what he wanted on his return home.   The lumber was to be sent to Rising Fawn, Georgia," and then the witness proves the account attached to the declaration, which shows when it was sent, at different times in January and February,  the agreement as to prices  having been  made  in  December  or early in January.

So that in this case the contract was completed in Georgia, the lumber furnished in Georgia, and it improved real estate in Georgia.

Judgment affirmed.