ARGO v. FIELDS.

Where a landlord forecloses a statutory lien for supplies furnished his tenant, and the execution is levied upon the crop of the tenant, who files a counter-affidavit denying the existence of the lien and the furnishing of the supplies, but no replevy bond is filed, a general judgment can not be rendered in the landlord's favor.

112  677
Case 2
115  659
112  677
Case 2
c120  387

Argued January 11, — Decided January 26, 1901.

Affidavit of illegality.   Before Judge Lumpkin.   DeKalb superior court.   April 19, 1900.

*J. L. Travis*, for plaintiff.   *G. W. Gleaton*, for defendant.

SIMMONS, C. J.   It appears from the record that Argo, in the year 1889, foreclosed a landlord's lien against Fields for the amount of $56.67, for supplies furnished to Fields as his tenant during that year.   Fi. fa. was issued and was levied upon the crop of Fields. The latter made a counter-affidavit denying that Argo had furnished him with any supplies.   The case was tried before a magistrate, and then appealed to a jury in the justice's court.   On the trial before the jury, a verdict was rendered in favor of Argo.   A certiorari was sued out by Fields, and was overruled by the judge of the superior court.   The case was brought to this court, where the judgment was reversed on the ground that the evidence showed that Fields was a cropper and not a tenant.   The remittitur was sent down to the superior court, and was by proper order made the judg-

ment of that court. The case was returned to the justice's court for a new trial. In April, 1898, in the justice's court, it was ascertained that the papers in the case had been lost or destroyed, and the plaintiff had copies established. Among these copies was no replevy bond, and it subsequently became a question as to whether any replevy bond had ever been made. The defendant not having appeared, the plaintiff, after having established the copies of the papers, made out his case. The jury returned the following verdict: "We the jury find for the plaintiff, J. D. Argo, against the defendant, J. W. Fields, fifty-six & 67/100 dollars principal, with interest at 7% per annum from Oct. 9, 1889, to date, and costs of suit. Apl. 21/98." Upon this verdict a general judgment was rendered against Fields individually. Upon this judgment execution was issued, and, in 1898, levied upon the crops made by Fields during that year. Fields filed an affidavit of illegality, setting out various grounds, among them that the judgment was a general one and not against the specific property levied on, and that, as no replevy bond had been given in the case, the general judgment was void. The illegality was returned to the justice's court, and from that court appealed to the superior court. Upon the call of the case in that court, Judge Lumpkin, of the Atlanta circuit, presided instead of Judge Candler, who was disqualified. It was agreed that the judge should hear and determine the case without the intervention of a jury. After hearing the case, he found that no replevy bond had ever been made by Fields in the foreclosure case, and ruled that the general judgment against Fields was for that reason void. To this finding and ruling a bill of exceptions was filed, and the case brought to this court. Many exceptions were taken to the rulings of the judge as to the burden of proof, the admissibility of evidence and matters of like character, and finally to the ruling that the general judgment against Fields was void. Some of the rulings complained of were, in our opinion, erroneous, and some of the evidence admitted may have been irrelevant, but the question as to whether the judgment was void was controlling and was not affected by any of these other matters. None of the alleged errors could have affected the judge's finding that there had never been any replevy bond, or that the judgment was void because it was general. We therefore consider only these controlling issues.

Argo made his affidavit to foreclose his landlord's lien for sup-

plies upon the crop of 1889. The statute makes that crop, and that only, subject to such a special lien. The statute also allows the defendant to replevy the crop levied on under the fi. fa., by giving bond and security for the eventual condemnation-money. Where such bond is given the statute now authorizes a general judgment. If no such bond is given (and the judge found upon sufficient evidence that none was given in the present case), the only proper judgment is one establishing the lien for supplies and the amount of it. It was not lawful in the present case to issue a general judgment against Fields. The statute only gives a lien upon the crop made during the year of the tenancy. It does not give it upon the crops of the tenant for any other year. If no replevy bond was given, the presumption is that the constable or levying officer still has the crop of the year 1889 in his possession, or, if he has not the cotton and corn levied upon, he is presumed to have sold it in accordance with the statute as perishable property and to have the proceeds in his hands. Whether this is true is not disclosed by the record; but if no replevy bond was given and the officer did his duty, he must now have either the crop levied upon or its proceeds. Under such circumstances the crop of 1889 could not be levied upon and then the crop of 1898 seized and sold without any accounting for the proceeds of the crop of 1889. In discussing this question in the case of *Triest* v. *Watts*, 58 *Ga.* 73, Bleckley, J., said: " The result is that, whether the property be replevied or not, the only judgment that can be rendered in favor of the plaintiff is a special judgment declaring the property subject; the amount for which it is subject being also distinctly specified. The amount thus adjudged to the creditor as constituting a lien on the specific property is the eventual condemnation-money. The execution to be issued is for the enforcement of that lien ; and, where the property has been replevied, the replevy bond is cumulative security for the discharge of the judgment. The original lien on the property, not being created by the levy but existing prior to any seizure, . . is not extinguished by the replevy bond." Since this decision the legislature, by an act passed in 1881 (Civil Code, § 2817), has provided that where a replevy bond is given, in such cases, the plaintiff may enter up judgment against the defendant and his sureties " in the same manner, and to the same effect, as in cases of appeal." No change has been made in the law applicable to cases where no replevy bond is made,

and the case of *Triest* v. *Watts*, supra, is therefore controlling here. For these reasons we think the judgment of the court below was right upon the main and controlling question in the case.

*Judgment affirmed. All the Justices concurring.*