### In re D. H. DOUGHERTY CO.

(District Court, N. D. Georgia. April 22, 1901.)

No. 594.

BANKRUPTCY—LIEN—DISSOLUTION.

A bankrupt rented a store under a lease by which the rent was to be paid in advance on the 10th day of each month. On failing to pay the rent due February 10th, the landlord levied a distress warrant on March 2d, and, on failure to pay the rent due March 10th, he levied another distress warrant on March 16th. On the 26th of March a petition in involuntary bankruptcy was filed, and the tenant was adjudged a bankrupt on April 16th. *Held*, that the liens of the distress warrants were dissolved, under Bankr. Act, §§ 67c, 67f.

In Bankruptcy.

Slaton & Phillips, for petitioning creditors.

Arthur Heyman, for intervener.

H. W. Dent, for bankrupt.

NEWMAN, District Judge. The bankrupt company rented a store, in which it did business, from the M. C. Kiser estate. The rent was $83.33 per month, payable monthly in advance. The rent commenced on the 10th day of each month. The bankrupt company failed to pay the rent due on the storeroom beginning February 10, 1901, and on the 2d of March, 1901, the M. C. Kiser estate took out a distress warrant, and had the same levied upon the stock of goods and fixtures belonging to the bankrupt company. On March 10, 1901, the bankrupt company also failed to pay rent for the succeeding month, and on March 16th thereafter the M. C. Kiser estate took out a distress warrant covering the rent from the 10th day of March to the 1st day of April, which was levied on the stock of goods and fixtures belonging to the bankrupt company. On the 26th of March a petition in involuntary bankruptcy was filed against the D. H. Dougherty Company, and its property went into the possession of an officer of court, and on the 16th of April the company was adjudicated a bankrupt. The M. C. Kiser estate files its petition asking that it be allowed priority for the rent so due and covered by the distress warrants.

Counsel for the petitioner concedes that, so far as the distress warrant covered rent that had already accrued, it is dissolved by Bankr. Act, §§ 67c, 67f; but the contention is that as to so much of the rent as accrued in each instance after the levy of the distress warrant, and before the expiration of the period for which it was claimed, a preference should be given. The difficulty about this contention is that the rent appears to have been past due in each instance before the distress warrant was taken out. I am unable to see any distinction between that and any other lien obtained within four months, and which is dissolved by the sections of the bankruptcy act referred to. The petition to have the lien allowed must be denied.