## BARNETT v. TANT.

| 115 | 659 |
|---|---|
| s119 | 148 |
| 119 | 151 |
| 115 | 659 |
| 120 | 387 |
| 120 | 490 |
| f120 | 510 |
| 115 | 659 |
| 122 | 745 |
| 115 | 659 |
| 125 | 141 |

1. Where a laborer forecloses his lien and has it levied upon personal property belonging to his employer, and the latter files a counter-affidavit but no replevy bond is given, the only judgment to which the laborer is entitled, if he succeeds in the suit, is a special judgment against the property. If the defendant sues out a certiorari to the superior court, and at the hearing the certiorari is overruled and a final disposition of the case made by the judge, the latter is not authorized to enter up a general judgment against the plaintiff in certiorari and his surety on the certiorari bond. He can only enter a judgment affirming the judgment of the justice of the peace and ordering the execution to proceed against the property levied upon, and give judgment for costs on the certiorari bond. The cases of *Triest* v. *Watts*, 58 *Ga.* 73, and *Argo* v. *Fields*, 112 *Ga.* 677, which are here controlling, reviewed and adhered to.

2. Where in such case the judge has entered up a general judgment on the certiorari bond, it is not error to set it aside on motion of the surety on the bond.

3. Where the record does not affirmatively show whether or not a replevy bond was given, and, at the hearing of the motion to set aside the judgment rendered by the superior court on the certiorari bond, both parties agree that no replevy bond was given, and the judge predicates his judgment upon this admission, the losing party can not complain in this court that the judge erred in considering a fact not appearing in the record.

*Judgment affirmed. All the Justices concurring, except Lewis, J., absent.*

Submitted May 1, — Decided June 7, 1902.

Motion to set aside judgment. Before Judge Henry. Floyd superior court. December 9, 1901.

*Harris, Chamlee & Harris*, for plaintiff.
*M. B. Eubanks*, for defendant.