### In re ROBINSON & SMITH.

### WILSON v. BROCK & RANKIN.

(Circuit Court of Appeals, Seventh District, April 16, 1907. Rehearing Denied May 14, 1907.)

#### No. 1,325.

BANKRUPTCY—LIENS—LEVY OF DISTRESS WARRANT UNDER LEASE.

Bankr. Act July 1, 1898, c. 541, §§ 67c, 67f, 30 Stat. 564, 565 [U. S. Comp. St. 1901, pp. 3449, 3450], providing that liens obtained through legal proceedings within four months prior to bankruptcy shall be dissolved by the bankruptcy proceedings, relate only to those actions or proceedings taken by creditors who, having no existing lien or right of lien resting in existing contract entered into in good faith, seek to obtain a preference by being first in the race of diligence, and such provisions do not affect a lien obtained by a landlord by the levy of a distress warrant for past due rent under a lease giving the landlord a right of lien and to distrain for rent in arrears, which was entered into in good faith and not in contemplation of bankruptcy; such lien being one which is preserved by section 67d.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

The appeal in this case is from an order of the District Court allowing the claim of appellees as a preferred claim against the bankrupt's estate, for the sum of seven hundred thirty-seven dollars and seventy-four cents back rent, and ordering that the trustee be directed to pay it as such preferred claim, out of the moneys in his hands.

The facts are stated in the opinion.

Elbert C. Ferguson, for appellant.

Abel L. Allen, for appellee.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

GROSSCUP, Circuit Judge. The claim of appellees as allowed, accrued within four months prior to the filing of the petition against appellees, upon which appellants were subsequently adjudicated involuntary bankrupts. The claim was filed for back rent due from the bankrupts to the appellees under a lease containing this provision:

It Is Expressly Agreed between the parties herein, that if default be made in the payment of the rent above reserved or any part thereof, or in any of the covenants and agreements herein contained, to be kept by the party of the second part, it shall be lawful for the party of the first part, or the legal representative of said party, at any time thereafter, at the election of said first party or the legal representatives thereof, without notice, to declare said term ended, and to re-enter said demised premises or any part thereof, either with or without process of law, and the said party of the second part or any person occupying the same, to expel, remove, and put out, using such force as may be necessary so to do, and the said premises again to re-possess and enjoy as before this demise, without prejudice to any remedies which might otherwise be used for arrears of rent or preceding breach of covenants, and said party of the second part further covenants and agrees, that said party of the first part, or the representatives or assigns of said party shall have at all times, the right to distrain for rent due, and shall have a valid and first lien upon all the personal property of said party of the second part, which it now has or owns, or may hereafter have or acquire or have an interest in, whether exempt by law or not, as security for the payment of the rent herein reserved; together with the costs for distress warrant and custodian's fees under such provision.

The distress warrant was levied upon the personal property of the bankrupts on the leased premises two days before the petition in bankruptcy was filed. Upon the filing of the petition, the custodian under the distress warrant turned over the property to the receiver in bankruptcy, upon a receipt stating that appellees claimed to have a lien by reason of the distress warrant, which lien was, if good, to be continued without prejudice growing out of the delivery of the property to the trustee. Subsequently the property was sold for more than the claim of appellees. This is the whole of the case that we need consider, though it may be stated that on the same day that the petition for bankruptcy was filed, appellees filed in the office of the Clerk of the Superior Court of Cook County, their distress warrant, and the schedule of property levied upon, whereupon summons was issued upon Smith alone, and no answer or plea having been filed, judgment was entered against Smith alone; and that subsequently, on motion of appellees, an order for scire facias against Robinson was entered, but never served.

Section 67d (Bankr. Act July 1, 1898, c. 541, 30 Stat. 564 [U. S. Comp. St. 1901, p. 3449]) provides:

"Liens given or accepted in good faith and not in contemplation of or in fraud upon this act, and for a present consideration, which have been recorded according to law, if record thereof was necessary in order to impart notice,

And under this it has been held that a mechanic's lien is not lost by the adjudication of bankruptcy, even though the lien did not attach until notice, and the notice was filed within four months preceding the bankruptcy adjudication. In re Emslie, 102 Fed. 292, 42 C. C. A. 350 (Circuit Court Appeals, Second Circuit). Indeed, in every case in which, initially, the parties intended in good faith, that there should be a lien, or that one of the parties on the happening of an event should, at his choice, have a right of lien, the contract in which such intention is embodied being itself a contract entered into more than four months previous to the bankruptcy, the bankruptcy law preserves the lien.

The bankruptcy law contains also these provisions:

(c) "A lien created by or obtained in or pursuant to any suit or proceeding at law or in equity, including an attachment upon mesne process or a judgment by confession, which was begun against a person within four months before the filing of a petition in bankruptcy by or against such person shall be dissolved by the adjudication of such person to be a bankrupt if

was insolvent and that its existence and enforcement will work a preference,
(1) It appears that said lien was obtained and permitted while the defendant or

(2) the party or parties to be benefited thereby had reasonable cause to believe the defendant was insolvent and in contemplation of bankruptcy;

(f) That all levies, judgments, attachments, or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him shall be deemed null and void in case he is adjudged a bankrupt."

And the claim of appellant is that the seizure in distress is, within these paragraphs, in the nature of a suit or proceeding in attachment, and having been begun within the four months before bankruptcy, is annulled by the adjudication of bankruptcy.

We cannot concur in this view. The whole question is one of interpretation of the Bankruptcy Act—the policy of that Act respecting the recognition of liens in the distribution of bankrupt estates. Paragraphs c and f quoted were meant, in our judgment, to relate only to those actions or proceedings taken by creditors, who having no existing lien or right of lien resting in existing contract, entered into in good faith, seek to obtain preference by being first in a race of diligence—a preference that the bankruptcy law annuls, because the purpose of that law is to substitute equality for diligence.

But the lien obtained by the distress warrant under the kind of lease involved in this case is not the result of a race of diligence. Under the lease, and the Illinois law interpreting the lease and the rights of the parties thereunder (Powell v. Daily, 163 Ill. 646, 45 N. E. 414; Atkins v. Byrnes, 71 Ill. 332) the right of lien was created when the lease was executed, and the tenant entered upon possession of the premises—a right put wholly, at that time, within the control of the landlord, and maturing the moment the landlord chose to mature it. And though it did not actually attach (as in the New York case 102 Fed. 292, 42 C. C. A. 350, supra) until within four months of the bankruptcy, it was the kind of lien, it seems to us, that section 67d was intended to preserve; for unquestionably as between the parties to the lease it was a lien, not simply because the distress warrant was actually levied, but because, by contract between them, the levy of

the distress warrant was authorized; and as against creditors, such a lien prevails from the moment it is made a matter of record or public notice, not solely because by such record or notice the lien attaches, but because, from the moment of such record or notice, the creditors are informed that the lien, or the right to such lien, had been in existence from the time that the contract authorizing it was entered into. In other words, the lien is not one that the creditor has obtained irrespective of any right or lien given him by the debtor, but wholly by resort to the judicial proceedings in law or equity that are open to all; but is a lien given directly by the debtor and accepted by the creditor, in good faith, and not in contemplation of bankruptcy—just the kind of relationship that distinguishes a lien attaching as the result of contract, from a lien springing out of some independent and adverse proceedings.

The decree appealed from is affirmed.