### In re BURNS.

(District Court, S. D. Georgia, W. D. June 8, 1909.)

1. LANDLORD AND TENANT (§ 243*)—LANDLORD'S LIEN.

The rule that a landlord's general lien attaches to all of the tenant's property liable to levy and sale from the date of levy does not mean that the landlord's general or special lien is created by the levy, since such right exists by virtue of statute.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 983; Dec. Dig. § 243.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. BANKRUPTCY (§ 350*)—LANDLORD'S LIEN—DISPLACEMENT.

 A landlord's lien, created by state statute and attaching from the date of
levy on the tenant's goods, is a lien having priority by the state law, which
is not displaced in favor of general creditors by the tenant's bankruptcy.

 [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 350.*]

 . In Bankruptcy. In the matter of Joseph Burns, bankrupt. Petition by Sam Mayer for review of findings of the referee. Exceptions sustained, and findings overruled.

 See, also, 171 Fed. 1008.

 Hardeman, Jones & Johnston, for trustee.

 Olin J. Wimberly, for petitioner Sam Mayer.

 SPEER, District Judge (orally). The weight of authority in favor of the right of the landlord to a lien for his rent is in my judgment simply overwhelming. I am not able to perceive the force or conclusiveness of the contention of counsel for the trustee, who insists upon his alleged right to recover the property to which the lien attaches, for the purpose of appropriating it to the general creditors. The decided cases from courts of the highest rank are based upon the strong and settled policy, not only of many of the states, but of all the governments from which we take our law of real property, to uphold the right of the landlord to enjoy the fruits resulting from his holding, the income flowing from his real estate. See particularly the opinion of Circuit Judge Grosscup, In Re Robinson & Smith, 154 Fed. 343, 83 C. C. A. 121, speaking for the Circuit Court of Appeals for the Seventh Circuit, when he held that the provision of the bankruptcy law on which the trustee here relies "relates only to those actions of proceedings taken by creditors who, having no existing lien or right of lien, resting in existing contract, entered into in good faith, seek to obtain a preference by being first in the race of diligence, and such provisions do not affect the lien obtained by a landlord by the levy of a distress warrant for rent." This case is precisely in point, and long postdates any adverse holding.

 The right of the landlord is one upon which every permanent hope of general prosperity must depend. Our Legislature, in the several statutes set forth in the various sections of the Code of Georgia, have made very clear the policy of the state on this subject. Section after section reiterates not only the right of the landlord to a general lien, but they also give a special lien upon the corps made on the land. The general lien attaches to all of the property of the debtor liable to levy and sale. It is true that this lien attaches from the date of the levy, but that does not mean that the right of the landlord to the general lien, or to the special lien, is created by levy. The right exists by virtue of the statute. Of course, if there are other liens which have been perfected by operation of law, and which antedate the date of the levy, it may be that the right of the landlord cannot prevail against them, for to the vigilant, and not the slothful, does the law afford its assistance. But the state law has created the general right, and as well the special right, and the lien of the landlord thus created is one of those debts having priority by the law of the state, which under the express provisions of the bankruptcy act (Act July 1, 1898,

c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418]) must be paid from the assets of the bankrupt, provided the lien has attached, before the general creditors can participate therein. It follows, in my judgment, that the bankruptcy of the tenant does not defeat this lien of highest dignity, except the lien of taxes. It is, however, urged that Judge Newman, in the Northern District of Georgia, in Re D. H. Dougherty Co., 109 Fed. 480, has maintained the right of general creditors as against the landlord, and holds that bankruptcy dissolves the lien of the distress warrant although within four months anterior to bankruptcy. This is true, but the court in that case was doubtless controlled by a concession on the part of counsel. This was to the effect that, so far as the distress warrant covered rent that had already accrued, it was dissolved by sections 67c and 67f of the Bankruptcy Act. But for this concession it is doubtless true that Judge Newman would have given effect to the weighty mass of decided cases throughout the country to the contrary. See In re Pittsburg Drug Co. (D. C.) 164 Fed. 482; Longstreth v. Pennock, 20 Wall. 575, 22 L. Ed. 451; In re West Side Paper Co., 162 Fed. 110, 89 C. C. A. 110; Wilson v. Brock & Rankin, 154 Fed. 343, 83 C. C. A. 121; Marshall v. Knox, 16 Wall. 552, 21 L. Ed. 481; In re Mitchell (D. C.) 116 Fed. 87; In re Hoover (D. C.) 113 Fed. 136; Alger v. Keith, 105 Fed. 110, 44 C. C. A. 371.

The question is an exceedingly important one, affecting, as it must do, the values of all lands. If it be true that under the law of Georgia the lien of the landlord must be dissolved in favor of general creditors, the most calamitous results would follow in the diminution of the value of land, the incomes of landowners, and especially the owners of farm lands. It is said in argument that the contrary view has been recognized since the act went into effect, but the question has never previously been presented here. The rule of the state on this subject is enacted to conserve that great prosperity which flows from the stable and high value of landed property. It but makes effective the ancient right of the landlord, which, as contended by his counsel, comes down from feudal times; indeed, from the "time whereof the memory of man runneth not to the contrary."

For these reasons, which might be given more in detail if I undertook to discuss the authorities (which I may subsequently attempt to do), I hold that the exceptions must be sustained, and the finding of the referee upon the question overruled.