### 2214. DAVIS v. DeVAUGHN et al.

The validity and obligation of a contract is a matter to be governed by the lex loci contractus. The remedies for the enforcement of liabilities arising under a contract are matters governed by the lex fori. The right of a person to whom rent is due to sue by distress warrant is merely a part of the remedial procedure of this State; and, therefore, one who has rent due him for premises which are in another State, or upon a contract of rental made in another State, may proceed to collect his rent by distress warrant in this State.

Distraint; from city court of Oglethorpe—Judge Greer. September 15, 1909.

Argued December 20, 1909.—Decided January 21, 1910.

*John B. Guerry,* for plaintiff. *Jere M. Moore,* for defendant.

POWELL, J. Only one question is involved in this case. Can a person who has rent due him, growing out of the leasing or renting of a tenement in the State of Alabama, proceed by a distress warrant? Davis sued out a distress warrant against Mr. and Mrs. DeVaughn, alleging that they were due him a sum of money for the rent of a house in Birmingham, Alabama, and caused it to be levied on certain property in this State. The defendants replevied by giving the statutory bond. At the trial they moved to dismiss the action, on the ground that "the warrant shows that said contract of rental was made in the State of Alabama and outside of

the State of Georgia,   .   .   and no lien, therefore, attaches in Georgia." The court sustained the motion, and the plaintiff excepts.

We think the court erred. Distress warrant in this State is a mere remedial procedure. When counter-affidavit is filed and replevy bond given, as prescribed by statute, the process becomes mesne and the proceeding is converted into a mere suit to recover rent; the distress warrant operating as the declaration and the counter-affidavit as the plea. *Seifert* v. *Holt, 82 Ga. 757, 761* (9 S. E. 843). Where a contract, express or implied, is made in one State and an effort is made to enforce it in another, the law of the former State governs in determining what the obligation of the contract is, and in determining its validity and effect, but the question of what remedy the plaintiff shall pursue, when the obligation and effect of the contract have been ascertained and determined, is to be decided solely with regard to the law of the forum. If, where the relation of landlord and tenant has arisen in Alabama, a question should arise as to whether that relation, circumstanced as the facts of the particular case might show it to be, might impose an obligation on the tenant to pay rent, that question would be determined by the courts of this State, if a suit should arise here out of the transaction, in accordance with the law of Alabama. As to how the plaintiff in such an action should enforce his demand is to be determined by the laws of Georgia. Rent, by its definition, being merely the compensation due from the one party to the other for the use of the premises where the relation of landlord and tenant exists, it will be presumed, until the contrary is shown, that the common law exists in Alabama, and that the rent sued for in the present case is simply the compensation which should legally flow from the tenant to the landlord for the use of the premises, in accordance with the law of Alabama. Presumptively, therefore, the plaintiff's debt, the contractual obligation of the tenant to pay, is valid and enforceable. Our statute (Civil Code, §4818) prescribes the remedy of distress warrant for "any person who may have rent due." This is the remedy in Georgia. In discussing the general proposition involved here, Minor, in his Conflict of Laws (p. 507), says, "the questions whether the remedy shall be at law or in equity, in personam or in rem, summary or by regular process of law, etc., are generally to be regarded as matters pertaining to

the remedy only, to be controlled by the lex fori." The fact, therefore, that the Georgia courts give a summary remedy is immaterial; that remedy is, nevertheless, to be pursued. Nor is the fact material that this remedy operates to create a lien upon the defendant's property at a stage of the proceeding earlier than that at which a simple common-law action would effectuate a similar result; it is a mere remedial incident, and not a matter relating to the obligation of the contract. In illustration of this proposition, take the case of Burchard *v.* Dunbar, 82 Ill. 450 (25 Am. R. 334, 338), cited in Minor's Conflict of Laws, supra; there a promissory note was executed in New York by a married woman for a debt of her husband, and was by the law of that State a charge upon her separate estate. An action was brought upon the note in Illinois, to which she and her husband were made defendants, and a judgment was recovered against them in the lower court. By the law of New York the charge was valid, and could be enforced in an action at law against her and her husband; but by the Illinois law the charge could be enforced against the estate of a married woman only in equity. The Supreme Court held that while the obligation of the woman's contract was dependent upon the law of New York, the mode of enforcing that obligation was dependent upon the law of Illinois, and that she should have been sued in the latter State in equity, and not in law.

The question of lien, however, is not involved in the present case. The defendants having converted the distress warrant into a mesne process, by the filing of the counter-affidavit and the giving of the replevy bond, the suit thereupon became merely a common-law action for rent, against the defendant and his security; the property is released, and the plaintiff's recourse at the end of the suit will be upon his judgment on the bond. *Gober* v. *Barry, 4 Ga. App.* 4, 6 (60 S. E. 807). In juridical features the case is very similar to, if not identical with, those cases in which purchase-money attachment is sued out in this State when the goods have been bought in another State. *Judgment reversed.*