## 18422. WHITE *v*. IDELSON.

STEPHENS, J. 1. A landlord's lien for rent, whether the special lien upon the crops grown on the rented premises which is created by statute (Civil Code of 1910, § 3340), or the general lien which arises upon the levy of a distress warrant, is not a lien created by judgment or one "obtained through legal proceedings," and is therefore not, under the bankruptcy

act of 1898 (30 Stat. 565, § 67-f), discharged by the filing of a petition for the tenant's discharge in bankruptcy, although within four months of the creation of the lien. Henderson v. Mayer, 225 U. S. 631 (32 Sup. Ct. 699, 56 L. ed. 1233); In re Burns, 175 Fed. 633.

2. Since the replevy bond for the eventual condemnation money given by the tenant after the levy of a distress warrant, as provided in the Civil Code (1910), § 5391, takes the place of the lien which is not nullified or discharged by the tenant's bankruptcy (bankruptcy act of 1898, 30 Stat. c. 541, § 16), the surety is liable on the replevy bond notwithstanding the tenant's liability for the debt is discharged by the tenant's bankruptcy. Phillips v. Solomon, 42 Ga. 192. See also, in this connection, Alvaton Mercantile Co. v. Caldwell, 156 Ga. 317, 321 (119 S. E. 25).

3. Under the undisputed evidence adduced upon the trial of the issue formed by the affidavit of illegality filed by the surety on the replevy bond, the court properly rendered judgment against the affiant, sustaining the levy.

Judgment affirmed. Jenkins, P. J., and Bell, J., concur.

DECIDED SEPTEMBER 25, 1928.

H. W. Nalley, for plaintiff in error. W. S. Mann, contra.