### 18816.  DOWNS *v.* BEDFORD.

DECIDED JANUARY 22, 1929.

156

*Morris Macks,* for plaintiff in error.

*Clifford E. Thomas, Dillon, Calhoun & Dillon,* contra.

STEPHENS, J. (After stating the foregoing facts.) 1. While the method prescribed in sections 3366 et seq. of the Civil Code of 1910 for the enforcement of a laborer's lien by a summary and ex parte levy upon property belonging to the employer is purely remedial, the lien itself is not created by the levy but is pre-existing, and, where not given by the contract is, so far as it arises in this State, purely statutory, and, as provided by statute, codified in section 3339 of the Civil Code of 1910, arises upon the completion of the contract of labor. See also, in this connection, sections 3329 and 3334 of the Civil Code of 1910; *White* v. *Idelson,* 38 *Ga. App.* 612 (144 S. E. 802), and cases there cited.

The Georgia statute, supra, which provides for the creation of a laborer's general lien, not being extraterritorial, and the lien not being one existing at the common law, no lien in favor of a laborer for labor performed in the State of Florida can arise under a contract made within that State, in the absence of a provision therefor in the contract of labor, or a lien created by a statute of that State. See *Porter* v. *Lively,* 45 *Ga.* 159. The case of *Thurman* v. *Kyle,* 71 *Ga.* 628, in which it was held that under a contract for work done and materials furnished under a contract made in the State of Alabama, a lien therefor was enforceable in the courts of Georgia, is distinguishable from this case, since in that case the contract was performed within the State of Georgia. This case is

distinguishable also from that of *Davis* v. *DeVaughn,* 7 *Ga. App.* 324 (66 S. E. 956), where it was held that a claim for rent arising under a contract of rental, made and performed in the State of Alabama, was enforceable by a distress warrant sued out in the courts of Georgia. In that case the court held that the purely remedial procedure given by distress warrant in the courts of this State, for the collection of rent, was available to enforce any contract for the payment of rent, whether made in this State or elsewhere, and did not hold that a distress warrant was available for the enforcement of any right to a lien for rent existing under the laws of another State. The statute of Georgia, as codified in section 5390 of the Civil Code of 1910, which affords a remedy by distress warrant for the collection of rent, purports to be only a summary remedy, not for the enforcement of any lien, but for the enforcement of a contractual obligation to pay rent. It is purely a legal remedy to enforce a contract, whereas, on the other hand, the statutory provisions of this State, as contained in sections 3366 et seq. of the Civil Code of 1910, relative to the summary process for collecting monies due under contracts of labor, relate specifically to the enforcement of the liens arising by law as security for such amounts due. Assuming that the decision in *Davis* v. *DeVaughn* must be construed as holding that the remedy by distress warrant in that case was for the enforcement of a landlord's lien for rent arising under a foreign contract, it might be sustainable upon the theory that the right to such a lien is a common-law right inhering in any rent contract in a State, such as Alabama, where the common law prevails. While under the common law such a right was not in the strict sense a lien, it has in some instances (as, for instance, within the intended meaning of the bankruptcy act) been regarded to all intents and purposes as a lien. See the opinion of Mr. Justice J. R. Lamar in Henderson *v.* Mayer, 225 U. S. 639 (32 S. Ct. 699, 56 L. ed. 1233). Whatever may be the true intent and meaning of the decision in *Davis* v. *DeVaughn, supra,* a ruling as respects section 5390 of the Civil Code of 1910 is not necessarily applicable to sections 3366 et seq. The ruling in *Davis* v. *DeVaughn* is perhaps irreconcilable with that in Henderson *v.* Mayer, supra, and In Re Burns, 176 Fed. 633, construing the Georgia law with reference

to a landlord's lien for rent, in opinions written respectively by Justice Lamar and Judge Speer.

This being a proceeding under a statute of this State as codified in sections 3366 et seq. of the Civil Code of 1910, for the summary enforcement of a laborer's general lien for work done in the State of Florida under a contract executed in that State, and, upon the trial of an issue made by the defendant's counter-affidavit, it not appearing, from the evidence, that such a lien was created by the contract, or that it arose by virtue of a statute of that State, there does not appear to exist a lien for enforcement in the courts of this State.

It appearing that certain personal property belonging to the defendant was levied upon and seized by the levying officer under the foreclosure proceedings in satisfaction of the plaintiff's alleged lien, and that this property was not replevied, no legal judgment can be rendered for the plaintiff except one enforcing his alleged lien for labor. Civil Code (1910), § 3367; *Triest* v. *Watts,* 58 *Ga.* 73; *Argo* v. *Fields,* 112 *Ga.* 677 (37 S. E. 995). The judge of the superior court erred in overruling the certiorari.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*