36540. McKELLAR *v.* CHILDS.

FELTON, C. J. 1. The pendency of a foreclosure of a laborer's lien is not a bar to an action on account for the same debt, since, even where the lien is contested and the property replevied, no general judgment can be rendered in the foreclosure proceedings. *Argo* v. *Fields,* 112 *Ga.* 677 (37 S. E. 995); *Triest* v. *Watts & Bro.,* 58 *Ga.* 73. In such a case, the lien foreclosure is not converted into a proceeding in personam by the filing of a replevy bond. The actions are entirely different and each involves a different kind of judgment. The situation is analogous to the foreclosure of a mortgage and a subsequent action on notes secured by the mortgage. *Montgomery* v. *Fouche,* 125 *Ga.* 43 (53 S. E. 767); *Juchter* v. *Boehm, Bendheim & Co.,* 63 *Ga.* 71, 72. The court did not err in sustaining the plaintiff's demurrer No. 1 to the plea in abatement.

2. The court erred in sustaining demurrer No. 2 to the cross-action. The defendant did not plead elsewhere in the cross-action or defense as a whole facts which showed affirmatively that the cross-action for abuse of legal process would not lie against the plaintiff. The court erred in sustaining the plaintiff's demurrer No. 2 to the cross-action and in rendering a final judgment against the defendant. There was no demurrer on the ground that an action ex delicto could not be set off against an action ex contractu and none of the other demurrers was passed on by the trial court.

*Judgment affirmed in part and reversed in part. Quillian and Nichols, JJ., concur.*

DECIDED FEBRUARY 27, 1957.

*John Henry Poole,* for plaintiff in error.
*Reinhardt & Ireland,* contra.

Alton Childs sued A. L. McKellar for $115.16 on open account which showed $69.16 balance due from August 14, 1954, through 19, 1954, for truck parts plus $10 wrecker service and $36 for storage @ $1 per day. The defendant filed a plea in abatement as to the amount of $69.16, alleging that there was pending in the militia district of his residence a laborer's lien foreclosure instituted for the purpose of collecting for the items, the purchase price of which the present action was brought. The plea alleged that the property was replevied in the lien foreclosure proceeding and that the case was still pending. The plea also set up a cross-action for damages in various amounts for the abuse of legal process in foreclosing a laborer's lien to collect an open account for goods purchased. Various demurrers were filed by the plaintiff to the defendant's plea and cross-action. Demurrers one and two are as follows: "1. Petitioner demurs to paragraphs one, two, three, and four of defendant's original answer, wherein said defendant attempts to plead in abatement, on the grounds that defendant affirmatively pleads elsewhere in said answer facts which show that the action pending in the justice court, 1576th District, Worth County, Georgia, is not a bar to the present action. 2. Petitioner demurs to paragraphs five, six, seven, eight, and nine of defendant's original answer, wherein defendant attempts to file a cross-bill or counter-action for alleged abuse of legal process, on the grounds that defendant pleads elsewhere in said answer facts which affirmatively show that such action for alleged abuse of legal process will not lie against this defendant." The court sustained these two demurrers and dismissed the defendant's pleadings. The plaintiff then struck the wrecker service and storage items and the court directed a verdict for the plaintiff for $69.16. The defendant excepts to the final judgment and to the sustaining of the demurrers to his plea and cross-action.