No. 98.—RILEY J. JOHNSON, *et al.* plaintiffs in error, *vs.* DANIEL R. MITCHELL, defendant.

[1.] As between judgments obtained in different Courts, or at different terms of the same Court, the first signed is prior in point of lien.

*Certiorari,* from Floyd Superior Court. Decision by Judge TRIPPE, December Term, 1854.

This was a *certiorari* from a decision of a Justice's Court, on a motion to distribute money. Riley J. Johnson held certain *fi. fas.* from the Justice's Court, against Logan White, dated 26th February, 1853. Daniel R. Mitchell held a *fi. fa.* from the Superior Court against Logan White, on a judgment signed on the 14th March, 1853. The confession of judgment, on which the judgment was entered, was dated February 23d, 1853, and the term of the Superior Court at which it was obtained, commenced on the 21st February, 1853. The Justice's Court decided that the Justice's Court *fi. fas.* were entitled to the money.

On *certiorari,* the Judge reversed this decision, and awarded the money to the Superior Court *fi. fa.,* holding that the lien of the judgment took date from the first day of the term; or if not, then from the date of the confession of judgment.

And on this decision error is assigned.

ALEXANDER, for plaintiff in error.

UNDERWOOD, for defendant in error.

*By the Court.*—STARNES, J. delivering the opinion.

[1.] At Common Law, a judgment by general intendment of law, related to the first day of the term. (2 *Tidd. Pr.* 965, 967.) By the 16th section of the Statute of Frauds, (26 *Ch.* 2 *Ch.* 3) lands were bound from the signing of the judgment, *as to purchasers*, and personal property from the delivery of the execution to the Sheriff.

The 26th section of our Judiciary Act of 1799 declares, that " all the property of the party against whom such verdict shall be entered, shall be bound from the signing of the first judgment ; but where several judgments shall be of equal date, the first execution delivered to the Sheriff shall be first satisfied." And this Act, in our opinion, effectually repealed the Common Law rule, and the provisions of the Statute of Frauds, above cited. Such has been the almost uniform construction given to that Act, we believe.

The 2d section of the Act of 1822, declaring that " all judgments signed on verdicts rendered at the same term of the Court, be considered, held and taken to be of equal date ; and no execution founded on said judgments, obtained at the said term as aforesaid, shall be entitled to any preference by reason of being first placed in the hands of the officer," again modified the Statute of 1799, and made all judgments of equal date and effect, which were obtained at the same term of the Court ; thus, in effect, restoring the Common Law rule just mentioned, as to such judgments ; but as to all others, leaving the provision of the Act of 1799, that all the property of the defendant shall be bound from the signing of the first judgment, in full effect.

This provision must control the question before us, where the contest is between the liens of two judgments obtained in dif-

ferent Courts; and the funds raised in this case must be paid to the *fi. fas.* issued from the Justice's Court, they being first signed.

We know that accurate justice may not be insured by these provisions of the law. We think, however, that we could readily show, by illustration, that perhaps greater inconveniences would result from a different rule. But we will not pause for this, as the law is, in our judgment, so written and must be obeyed, whatever may be thought of its perfection.

Judgment reversed.