GREEN B. MAYO, plaintiff in error, vs. ALFRED KERSEY, defendant in error.

The plaintiff has, in a proper case, the right to enter up judgment, *nunc pro tunc*, against the surety on the appeal.

Motion to enter judgment, *nunc pro tunc*, against security on appeal, from Lee. Decision by Judge ALLEN, January Term, 1858.

Mayo brought suit against John A. Dennard, on two promissory notes amounting in the whole to $833 33, besides interest. The writ was returnable to June Term, 1855, and at the February Term, 1856, upon the trial at common law, there was a verdict in favor of the plaintiff, for $833 33, besides interest and cost; upon which, judgment was signed Feb. 13th, 1856. The defendant being dissatisfied with the verdict, entered an appeal, with Alfred Kersey as his surety. At March Term, 1857, defendant pleaded a payment of four hundred dollars, and all interest up to 3d Oct., 1856, and confessed judgment for four hundred dollars, with interest from 3d Oct., 1856; and upon this confession, judgment was signed at the same Term of the Court against Dennard only.

At the January Term, 1858, plaintiff moved to amend the judgment, and enter up the same *nunc pro tunc*, against Kersey, the surety on the appeal, as well as the principal.

The Court overruled the motion, and plaintiff by his counsel excepted.

PEARMAN & KIMBROUGH; and VASON & DAVIS, for plaintiff in error.

McCOY & HAWKINS, *contra*.

*By the Court.*—BENNING, J. delivering the opinion.

By the Act of 1826, the plaintiff has the right to enter up judgment against the surety on appeal, as though the surety were a party defendant. *Cobb Dig.* 498.

But against a party defendant, the plaintiff has the right, in a proper case, to enter up judgment *nunc pro tunc*. 18 *Ga.* 287; 1 *Kelly*, 560; *Id.* 595.

He must, therefore, have the right, in a proper case, to enter up a similar judgment, against the surety on the appeal.

There can be no doubt, that this is a proper case.

We think, then, that the Court erred, in not allowing the plaintiff to enter up a judgment, *nunc pro tunc*, against Kersey.

The question, here, is merely one of remedy. The right is not denied, and, we think, that the remedy by motion is as good in every respect, as that by *scire facias*, or that by debt.

Judgment reversed.