PERRY H. OLIVER, plaintiff in error, vs. WILLIAM A. ROSS, defendant in error.

The plaintiff in entering up judgment against the defendant, an endorser of a note, omitted to describe the contract of endorsement, and the defendant made the omission the ground of an affidavit of illegality, on the hearing of which, the Court allowed the judgment to be amended.
*Held,* That this was right.

Illegality, in Sumter Superior Court. Decision by Judge ALLEN, at September Term, 1858.

William A. Ross brought an action, under the Jones Form, against Perry H. Oliver, as endorser of a promissory note. He recovered judgment upon which an execution issued and was levied upon certain property belonging to defendant, who interposed by affidavit of illegality, on the ground, that the judgment entered up did not designate and identify the contract sued on, as required by law, and that

execution issued accordingly; defendant being sued separately as endorser.

Upon the case being called, the plaintiff moved to amend the judgment, making it conform to and designate the contract.

The Court granted the motion, allowing the amendment to be made, and counsel for defendant excepted.

McCAY & HAWKINS, for plaintiff in error.

WORRILL & HAWKINS, contra.

*By the Court.*—BENNING, J. delivering the opinion.

That the judgment was amendable, we are satisfied. 24 *Ga.,* 167. *Mayo vs. Kersey.*

It was said, that an amendment of the judgment, would affect the surety on the illegality bond. But what if it would? It must be presumed, that he knew the law of amendment, and contracted in reference to it. Besides, he is no party here, and, for ought that appears, he may never have occasion to be a party any where. If the principal in the bond, produces the property according to the condition of the bond, and it is to be presumed that every man will observe his obligations, the bond will be satisfied, and the surety never have a cause of complaint.

Judgment affirmed.

McDONALD J. absent.