PORTIS & BRO. VS. TALBOT & PACKARD.

JUDGMENTS: *Correction of errors in, when and how may be made.*
When there is an error in the entry of a judgment, which is clearly shown by other parts of the record, and its correction is necessary to make the record consistent, it may be corrected at any time, even after the term ; and the court will of its own motion correct it by *nunc pro tunc* order, and will annul all that may have been done under an execution issued on it.

APPEAL from *Jefferson* Circuit Court.

On motion by *Appellees* to set aside sale, etc.

*Met L. Jones*, for Appellants.

*McCain & Kimball*, for Appellees.

EAKIN, J. :

On the 7th of June 1878, the appellees, John H. Talbot and Willard L. Packard, under their firm name, recovered of James M. Portis and William N. Portis under their firm name of Portis & Bro., the sum of $1678 28-100, with interest thereon at the rate of 6 per cent. per annum from date till paid, and their costs ; and also, in the same judgment they recovered of James M. Portis individually the sum of $123 67-100 and costs.

And also in the same judgment, they recovered of William N. Portis, individually, the sum of $605 50-100 and costs.

From this judgment *Portis & Bro.* and *William N. Portis,* on the 22d of February 1878, prayed an appeal from the Clerk of this court, which was granted. They executed and filed a supersedeas bond signed W. N. Portis alone with three sureties. The cause was advanced as a delay case, and the judgment of the court below affirmed here, on the 15th of June 1878.

By obvious mistake, the judgment was entered here against the *appellants* and their sureties for $1678 28-100, with interest from 7th of June 1877, and the further sum of $167 82-100, being ten per cent. damages, with costs ; and also the further sum of $605 50-100, with like damages and costs.

Portis & Bro. vs. Talbot & Packard.

The mistake consisted in rendering James M. Portis liable, as one of the appellants, for the individual judgment against William N. Portis.   He had only asked the appeal from the firm judgment, and was not a party to the supersedeas bond. The judgment against himself individually was not appealed. It was intended that the judgment here should follow that below, and be against the firm of Portis & Bro. for the larger amount, and William N. Portis alone for the lesser.

Execution issued from this court on the 1st July 1878, against both the Portis's, and the sureties for *both* amounts, with interest, damages and costs.   It was levied upon certain lands and lots, as the property of William N. and James M. Portis, which were sold and purchased by Talbot & Packard, the judgment creditors, for $600, which was credited on the debt, less the fees paid $22 25-100.

On the 17th of August following an alias execution was issued, in terms which accorded with the judgment as it was intended, that is, it ran against the firm of Portis & Bro. for the larger debt, damages and costs, and against William N. Portis and the sureties for the smaller debt of $605 55-100 damages and costs.   Upon this execution was endorsed the credit for $600, proceeds of the first sales, less fees.

Upon a bill filed in the Jefferson Circuit Court in the month of September following, an interlocutory injunction was issued by the County Judge, restraining the Sheriff from levying this latter execution upon the property of the sureties in the bond, before he should have exhausted all the property of the principals : and ordering and directing him to levy upon lands pointed out by complainants.   This order was afterwards sustained and continued by the Chancellor until further orders.

The bill upon which this injunction was granted, being exhibited here, discloses that the injunction was ordered on the

grounds that the Sheriff refused to levy upon property pointed out by the principals, and was about to levy upon the property of the sureties in preference.

On the 2d November, 1878, the appellees, in whose favor the execution issued, moved this court for a writ of prohibition against the Circuit Court, to inhibit it from proceeding in the cause, and on the 9th they moved to set aside and annul the sale on the first execution, on the ground that they acquired no title by the purchase, and were misled in bidding by the representations of W. N. Portis, with regard to their ownership, and also on account of error in the execution, in not following the judgment.

In fact the first execution did follow the judgment *entry* of this court, but not as it should have been. The second execution was in accordance with the proper judgment as affirmed here, but there was no proper judgment *entry* to authorize or support it.

The error in the entry was a plain clerical misprision, arising naturally from the anomalous nature of the judgment below, which was the result of an arbitration, and included in one entry, three distinct judgments, one against the firm of *Portis & Bro.*, one against *William N. Portis*, and another against *James M. Portis*, the last of which was not appealed. It escaped the attention of the court in reading the record ; but it is of the nature of those which may be corrected at any time, even after the term ; inasmuch as it is clearly shown by other parts of the record, and the correction is necessary to make the record consistent.

The court will now make the correction, of its own motion, by a *nunc pro tunc entry*, as of the same date ; and annul all that was done under the first execution, and recall the second. This will leave nothing upon which the suit for injunction can operate ; and will supersede the exercise of the doubtful

Portis & Bro. vs. Talbot & Packard.

power of prohibiting the Circuit Court from proceeding in a matter within its general jurisdiction; upon the grounds that in the particular case, it may seem to be proceeding erroneously. We do not doubt that the Circuit Court, in this case, upon being advised of the action of this court will make such ruling as to costs as it may deem equitable, and end the matter there. It does not seem to be a case for damages. There will be nothing left to restrain.

Let the entry here be corrected *nunc pro tunc*, to conform to the judgment below as affirmed, with proper costs and damages against the appellants and sureties, and in all other respects as originally intended; set aside all that has been done under the first execution, and recall the second.

With regard to the costs of $22.50, which seems to have been expended by appellees (plaintiffs in execution) upon their purchase under the sale, a question may arise. The application to set aside the sale, is made by themselves upon two grounds. One is that they obtained no title, and were induced to bid by the misrepresentations of William N. Portis; another, that the execution was irregular. There is no answer to the motion, and the court might perhaps grant the relief on the first ground alone, which if the execution had been regular, would have entitled appellees to execution for those particular costs also. Inasmuch however, as the mistake in the judgment entry entered into the execution rendering it excessive, at least as to James M. Portis, and the sale was made under such circumstances of irregularity, as to induce the court to set it wholly aside, and would have induced the court to do so, had the defendants in the execution applied for relief on their part, no costs as to it can be awarded. It was as much the duty of appellees as that of appellants to notice the error in the entry. Either party might have had it corrected on proper motion at any time, and a proper execution issued; and the attempt to

avail themselves of it in its erroneous form, cannot entitle appellees to reimbursement of costs expended in the effort.

Let a new execution issue on the judgment as corrected.