## STEWART *v.* HALL.

1. Where a verdict has been rendered for the plaintiff in the trial of an appeal to a jury in a justice's court, and the justice in entering up the judgment upon the verdict omits the name of the security on the appeal bond, there is no error in entering up judgment nunc pro tunc, at the succeeding term of the court, against both the defendant and his security, without giving previous notice to the security.
2. The fact that the security on an appeal bond was also surety on the replevy bond given by the defendant when he filed his counter-affidavit is not sufficient ground, upon an affidavit of illegality filed by the surety, to arrest proceedings under a fi. fa. issued upon a judgment against him and the defendant, founded on the verdict of the jury in the appeal case.

Argued November 14,—Decided December 14, 1898.

Illegality. Before Judge Littlejohn. Lee superior court. March term, 1898.

*J. F. Watson* and *Allen Fort*, for plaintiff in error.
*C. B. Wooten* and *J. W. Walters*, contra.

LEWIS, J. A distress warrant for rent was issued in favor of Hall against Gilbert by a justice of the peace of Lee county, and was levied upon the property of the defendant, who filed a counter-affidavit, and gave a replevy bond with T. R. Stewart as security. On the trial before the magistrate in the district of the defendant's residence, where the warrant was made returnable, he dismissed the "illegality," and rendered judgment for the plaintiff. The defendant appealed to a jury in the justice's court, and gave an appeal bond with T. R. Stewart as security. The jury rendered a verdict for the plain-

tiff, and the magistrate entered judgment against the defendant for the amount of the verdict. At the next term of the justice's court the magistrate rendered judgment nunc pro tunc upon the verdict, against both the defendant and the security on his appeal bond, reciting in his order that, by omission and oversight of the plaintiff's attorney when judgment was rendered at the preceding term upon the verdict in the appeal case, judgment was not entered up against the surety on the appeal bond, as provided by law. To the levy of an execution issued upon this last judgment an affidavit of illegality was interposed by Stewart, the security. The case was appealed to the superior court, and in that court the plaintiff in execution demurred generally to the affidavit of illegality. The demurrer was in part sustained, and in part overruled. The affiant assumed the burden of proof, and introduced in evidence the entire record in the case, and testified that he was the same person who was security on the replevy bond, and whose name appeared on the appeal bond. No further evidence was introduced, and the court directed a verdict for the plaintiff and against the illegality; and to this the affiant excepted. There were several grounds in the affidavit of illegality, but the only ones relied upon by counsel for plaintiff in error in the argument before this court are covered by the headnotes.

1. It is insisted by counsel for plaintiff in error, that the magistrate had no authority to enter up a judgment nunc pro tunc against the security, without having previously given notice to him of the pendency of a motion or proceeding to have such judgment so entered. § 5342 of the Civil Code provides, "In all cases of appeal, where security has been given, the plaintiff, or his attorney, may enter up judgment against the principal and surety, jointly and severally, and execution shall issue accordingly, and proceed against either or both, at the option of the plaintiff, until his debt is satisfied." When, therefore, one becomes surety upon an appeal bond, he thereby becomes a party to the cause, to the extent at least of subjecting himself to any recovery that may be had against a defendant. When a verdict has been rendered in the case against the defendant, the right to enter up a judgment thereon against the

security exists just as clearly and unmistakably as it would in a case where principal and security were sued in the original action upon their bond and a verdict rendered against both. There is no statute or rule of practice requiring any notice whatever to be served upon the security before the right to enter a judgment against him on his appeal bond can be exercised by the plaintiff. There is no reason, therefore, why there should be any different rule of law or practice in regard to entering up judgments nunc pro tunc against sureties in such cases than exists in any other case where parties have been regularly sued, verdicts rendered against them, and by omission there was a failure to enter judgments thereon at the proper time. In the case of *Mayo* v. *Kersey*, 24 *Ga*. 167, it was decided that "The plaintiff has, in a proper case, the right to enter up judgment nunc pro tunc against the surety on the appeal." It appeared in that case that a judgment had been rendered against the defendant at the March term, 1857, of the court, and at the January term, 1858, the plaintiff moved to amend the judgment and enter up the same nunc pro tunc against Kersey, the surety on the appeal, as well as the principal. The court below overruled this motion, and this judgment was reversed. The question, however, as to whether or not the security was entitled to notice was not decided, and, so far as our investigation has gone, seems to be an open question in this court. In *Wicker* v. *Woods*, 55 *Ga*. 648, it appeared that a counter-affidavit was filed to proceedings to foreclose a crop lien, and a replevy bond was given. Upon the trial of this issue the jury simply found that the defendant was entitled to a certain credit. The case thus stood until the second term of the court thereafter, when a nunc pro tunc judgment was entered against the defendant and his sureties on the replevy bond. This was held to be error, especially as it did not appear that the sureties had ever had their day in court. It will be observed, however, that the verdict of the jury in that case did not clearly cover the issues between the parties. Warner, Chief Justice, delivering the opinion, says, if a motion to set aside the verdict had been made on this ground, "we are inclined to think it should have been allowed." As we understand that decision, however, its effect is to declare

that the surety on the replevy bond was not concluded by the
fact that he failed to have the verdict set aside. 'Because of
defect in the verdict it did not clearly appear from the record
in that case that the plaintiff was entitled to a judgment
against the surety; and the court simply decided it was error
to enter up such judgment nunc pro tunc. Had the record
shown perfect regularity in the proceedings, we apprehend the
ruling of the court would have been quite different. To say
the least of it, the decision is no authority for the contention
that in such a case notice to the defendants was necessary be-
fore any judgment could have been entered. As to whether
notice should be given in such cases, the authorities are not en-
tirely uniform. In the case of Berthold *v.* Fox, 21 Minn. 51,
it was held that an application by the defendant to amend a
judgment so as to make it conform to the verdict, same having
been made more than two years after the entry of judgment,
should be served upon the plaintiff. We think, however, a
very decided weight of authority sustains the contrary view.
It was decided that a judgment nunc pro tunc may be entered
without notice to the opposite party, in Allen *v.* Bradford, 3
Ala. 281, and Glass *v.* Glass, 24 Ala. 468. To the same effect
see Fugua *v.* Carriel, 4 Am. Dec. 46; In re Cook, 77 Cal. 220;
Portis *v.* Talbot, 33 Ark. 218; Napers *v.* Meredith, 67 Ala. 333;
Stokes *v.* Shannon, 55 Miss. 584. We think the proper prac-
tice is, that when a motion of this sort to amend the record of
a court depends upon other evidence than the records them-
selves, notice should be given by the moving party to his ad-
versary. But where the records of the court upon their face
show that the movant is entitled to the relief sought, the court
may proceed summarily, and upon an ex parte application by
any one who may be interested in having the record in the case
to speak the truth. Freeman in his work on Judgments, after
discussing this subject of notice, and citing a number of au-
thorities bearing upon the subject, says, "The more usual prac-
tice is to proceed ex parte to order entries required to complete
the record, especially where the court acts solely upon matters
of record." § 64.

2. It was further insisted by counsel for plaintiff in error,

that there was no valid appeal from the judgment rendered by the magistrate in the case to the jury, inasmuch as the only security given by the defendant on his appeal bond was the name of the same party who was surety on the replevy bond. We do not think, however, it lies in the mouth of the surety himself to make this objection. It is true that such security on an appeal gives no additional guarantee to the plaintiff, as that surety was already liable upon the replevy bond, and unquestionably, upon motion of the plaintiff's counsel, the appeal in such a case would be dismissed for want of a valid bond, as decided by this court in *Gordon* v. *Robertson*, 26 *Ga.* 410, and *Eufaula Insurance Co.* v. *Plant*, 36 *Ga.* 623. But this is a matter which affects the rights of the plaintiff, and is an objection that relates to the insufficiency of the bond given by the defendant on an appeal. The plaintiff, of course, has a right to waive either the validity of the bond or the sufficiency of the security, and when he does so, and the case proceeds to trial on the appeal, and a verdict is rendered, neither the defendant nor his surety can then be heard to set up the insufficiency of the bond they themselves had given, as a reason why no judgment should be entered in accordance with the plain letter of the statute.          *Judgment affirmed.     All the Justices concurring.*