736.   GOBER *et al. v.* BARRY, constable, for use, etc.

Even if in any case a separate suit may be maintained upon a replevy bond executed as a part of the defense to a distress warrant, under Civil Code, § 4819, no recovery can be had unless it appears that the rent action has terminated by a judgment in favor of the landlord.

Certiorari, from Haralson superior court—Judge Edwards. July 22, 1907.

Submitted December 11, 1907,—Decided March 16, 1908.
*Janes & Hutchens,* for plaintiff in error.
*Griffith, Weatherly & Mathews,* contra.

POWELL, J. This case is a veritable example of "confusion worse confounded;" but most of its intricacy arises from the at-

tempt to bring into it issues of another case which reached a very illogical result. This action began by Barry, constable, for the use of Mrs. Williams, causing a summons to issue from the justice's court of the 1078th district, G. M., requiring Gober, principal, and Wood, security, to appear upon a named day at "Wild Cat Court House" in Haralson county, to answer an action on a replevy bond by them executed, the condition of which was that Gober should pay the eventual condemnation-money and costs recovered by Mrs. Williams on a proceeding for rent, begun by her by distress warrant against Gober. The defendants appeared and pleaded, that the bond had not been broken; that Mrs. Williams had not recovered in her action; but, on the contrary, that case had resulted in a judgment for the defendant. We may note in passing that the justice of the peace stated in his answer that he construed this to be a "plea of general issue and statute of limitations." We will not lead the reader through all the mazes of entanglement which the record discloses (though a presentation of some of the things that happened might provoke many a smile from those who have had the privilege of getting their first legal training in justice's courts), but will only state so much as is immediately necessary to the decision of the question now present. On the trial of the suit begun as above stated, the plaintiff showed the bond sued on. It was in the usual form of replevy bonds taken under distress warrants, and recited that the defendant had filed counter-affidavit. The constable then testified that no counter-affidavit was tendered with the bond, but that the defendant filed what purported to be a counter-affidavit with the notary public who had issued the distress warrant; that the notary public in turn handed the papers to the justice of the peace of the district, who, at the first term, not in the "Wild Cat" court-house, but at a point in the "big road," about 50 yards away, without the presence of parties and without hearing any evidence, gave judgment for the defendant. What purports to be the counter-affidavit of the defendant is sui generis, and is probably subject to the criticism of the constable that it amounted to no counter-affidavit at all. The justice, on the trial of the suit we are now considering—the action on the bond, after hearing the evidence, dismissed the plaintiff's action; a judgment equivalent under the circumstances to the grant of a nonsuit. The plaintiff brought the matter, by certiorari,

to the superior court, and upon the hearing there the certiorari was sustained and a new trial ordered; and to this judgment the defendant brings error.

A distress warrant is final process until arrested by counter-affidavit and replevy bond. If the levying officer releases the property without taking the affidavit and bond he does so at peril of being held liable by the plaintiff for the amount of the rent or the value of the property. No issue arises between the plaintiff and the defendant until the distress proceedings are arrested in the manner prescribed by the statute. No liability attaches to the bond until that issue is disposed of adversely to the defendant; the liability is solely dependent upon the result of that issue, and not upon the distress warrant, which is rendered functus by the creation of that issue. *Willis* v. *Bivins,* 76 *Ga.* 745; *Griggs* v. *Willbanks,* 96 *Ga.* 744 (22 S. E. 327), and cases cited. If the plaintiff recovers in the suit thus arising, judgment is entered at one and the same time against both main defendant and the surety on the replevy bond; and no separate suit on the bond is necessary. *McNeil* v. *Harker,* 40 *Ga.* 26. Indeed, since the surety for the eventual condemnation-money is so far a party to the original action that judgment may go immediately against him, or, if his name is omitted from the original judgment, it may be inserted therein by an entry nunc pro tunc (cf. *Stewart* v. *Hall,* 106 *Ga.* 172 (32 S. E. 14), and cit.; *Scott* v. *Bedell,* 108 *Ga.* 205, 210 (33 S. E. 903)), it would seem to follow that no separate suit on the bond is permissible; for to such a suit a plea of former judgment, if judgment had been rendered, or the pendency of a prior action, if judgment had not been entered, would lie. Except in those instances where the case has reached an indecisive end and may therefore be renewed, a defendant is not to be harassed by more than one suit on the same cause of action. In the case at bar, however, the action of the magistrate in dismissing the suit on the bond was in any event the only proper judgment, and the judge of the superior court erred in sustaining the certiorari and in remanding the case for further trial. Under this proceeding neither this court nor the superior court, nor the justice's court in which the case originated, has any jurisdiction to right any wrongs or irregularities that may have come about in the proceeding begun by the distress warrant.          *Judgment reversed.*