## 18044.  KIRSCH *et al. v.* WITT.

1. "A distress warrant is a final process until arrested by counter-affidavit and replevy bond. *Gober* v. *Barry*, 4 *Ga. App.* 4, 6 (60 S. E. 807). But when the defendant replevies the property the levy becomes functus, and the proceeding is converted into an ordinary action for rent, with the bond standing as security in the event of a judgment for the plaintiff. *Stephens* v. *McNaughton*, 8 *Ga. App.* 42, 43 (68 S. E. 459). In such a proceeding the form of the verdict or judgment is general, and is for the amount found to be due. *Hardy* v. *Poss*, 120 *Ga.* 385 (47 S. E. 947). If the counter-affidavit is dismissed, the distress warrant becomes again operative as final process. *Griggs* v. *Wilbanks*, 96 *Ga.* 744 (22 S. E. 327). But when it stands and the property is released under the affidavit and bond, the question of lien is not involved, and the plaintiff's recourse at the end of the suit will be upon his judgment on the bond. *Rountree* v. *Rutherford*, 65 *Ga.* 444 (2), 448; *Davis* v. *DeVaughn*, 7 *Ga. App.* 324, 326 (66 S. E. 956)." *Andrews* v. *Sims*, 27 *Ga. App.* 338 (108 S. E. 258).

2. All judgments rendered at the same term of court shall be considered, held, and taken to be of equal date, and no execution shall be entitled to any preference by reason of being first placed in the hands of the levying officer.  Civil Code (1910), § 5944.

3. The act of 1920 (Ga. L. 1920, p. 147), providing that in case of a distraint for rent, where the tenant desires possession of the property, it shall be the duty of the levying officer to take a bond for the forthcoming of the property, and that where the tenant gives a forthcoming bond and also a replevy bond, the landlord, upon the trial, may elect whether he will take a money verdict or whether he will proceed against the property levied upon, does not render a judgment in favor of the landlord on the replevy bond superior in rank to judgments in favor of other persons, obtained at the same term of court.

4. Where both of such bonds were given in a distress warrant proceeding, and where merely by agreement of the parties in that case the landlord obtained judgment against the surety for the amount of his claim, with a stipulation in the judgment that the sum was "to be made first out of the goods levied upon in this case, and second out of the defendants and their surety," there was no election to proceed against the property on the forthcoming bond as provided in the act of 1920.

5. In this case, which arose on a money-rule in the municipal court of Atlanta, between the landlord, whose claim was predicated upon the judgment referred to in the preceding paragraph, and other creditors, who had obtained judgments at the same term of the same court, the funds should have been distributed ratably to the judgment in favor of the landlord and the judgments of the other creditors. The superior court erred in not sustaining the certiorari.

DECIDED NOVEMBER 18, 1927.

Executions, 23 C. J. p. 503, n. 2.

Judgments, 34 C. J. p. 602, n. 64.

Landlord and Tenant, 36 C. J. p. 671, n. 86 New; p. 677, n. 49; p. 678, n. 61.

Certiorari; from Fulton superior court—Judge Pomeroy. February 12, 1927.

*Burress & Dillard,* for plaintiffs in error.

*Mitchell & Mitchell, H. L. Greene, McDaniel & Neely,* contra.

BELL, J. This case arose in the municipal court of Atlanta upon a money-rule. The contest was between Carl Witt, on the one side, and David Kirsch, S. H. Mosely, and the Standard Tent & Awning Company, on the other side, all of whom were creditors holding judgments against C. Y. Rose and Harris-Rose Incorporated. The fund in controversy was awarded to Carl Witt, apparently for the benefit of Knothe Brothers Company, which company was not a party to the record, and the other lienholders, after unsuccessfully moving for a new trial and appealing to the appellate division, sued out a certiorari to the superior court. The certiorari being overruled and dismissed, they brought the case to this court for review. On May 4, 1926, Kirsch, Mosely, and the Standard Tent & Awning Company obtained judgments respectively, aggregating about five hundred dollars, against the common debtors, who were the tenants of Carl Witt. Witt had, on April 14, 1926, procured a distress warrant against such debtors for the sum of $1432.65. In that proceeding the defendants filed a counter-affidavit on April 17, and at the same time gave forthcoming and replevy bonds with the National Surety Company as security. On May 25, 1926, at the same term at which the other creditors had obtained their judgments as stated above, Witt obtained the following judgment in the distress-warrant proceeding: "The within case coming on for a hearing, judgment is rendered for the plaintiff, Carl Witt, and against the defendants, C. Y. Rose and Harris-Rose Incorporated, and National Surety Company, surety on bond, the sum of $1432.65, together with cost; and, by agreement of the parties, said sums are to be made, first out of the goods levied upon in this case, and secondly out of the defendants and their surety, National Surety Company." The parties referred to in this judgment did not include the holders of the other judgments. The property which had been distrained and for which the forthcoming and replevy bonds had been given was sold on June 7 for about $1100. Fi. fas. were issued upon all the judgments and placed in the hands of the marshal. On a rule which proceeded at the instance of

Witt, all the parties were heard and the entire fund was awarded to Witt's claim. The evidence upon the hearing embraced the facts stated above and nothing more except a letter written by Knothe Brothers Company, of New York City, to Harry L. Greene, of Atlanta, attorney for the landlord, which read as follows: "May 17, 1926. Replying to yours of the 14th. Tell the landlord that you can assure him that he will make up any deficiency. There is no use having the goods and fooling with the thing any longer."

We think the court erred in not distributing the fund ratably among the several lienholders. "A distress-warrant is final process until arrested by counter-affidavit and replevy bond. *Gober* v. *Barry*, 4 *Ga. App.* 4, 6 (60 S. E. 807). But when the defendant replevies the property the levy becomes functus, and the proceeding is converted into an ordinary action for rent, with the bond standing as security in the event of a judgment for the plaintiff. *Stephens* v. *McNaughton*, 8 *Ga. App.* 42, 43 (68 S. E. 459). In such a proceeding the form of the verdict or judgment is general, and is for the amount found to be due. *Hardy* v. *Poss*, 120 *Ga.* 385 (47 S. E. 947). If the counter-affidavit is dismissed, the distress warrant at once becomes again operative as final process. *Griggs* v. *Wilbanks*, 96 *Ga.* 744 (22 S. E. 327). But when it stands and the property is released under the affidavit and bond, the question of lien is not involved, and the plaintiff's recourse at the end of the suit will be upon his judgment on the bond. *Rountree* v. *Rutherford*, 65 *Ga.* 444 (2), 448; *Davis* v. *DeVaughn*, 7 *Ga. App.* 326 (66 S. E. 956)." *Andrews* v. *Sims*, supra. See also *Chisholm* v. *Lewis*, 66 *Ga.* 729; *Elam* v. *Hamilton*, 69 *Ga.* 736; *Swain* v. *Nasworthy*, 2 *Ga. App.* 253 (2) (58 S. E. 492). The judgment which the landlord elected to take was not prior in date nor superior in rank to that of the other judgments. The lien on the property which attached upon the levy of the distress warrant was released upon the execution of the replevy bond, and this bond stood in lieu of the lien unless the plaintiff in that proceeding elected, under the terms of the act of 1920 (Ga. L. 1920, 147), to "proceed against the property so levied upon." This was not his election, but as between himself and the principal and surety on the replevy bond he simply agreed that the amount of his judgment should be made first out of the goods, and secondly out of the defendants and their surety.

The act of 1920 provides that whenever the tenant in a distress warrant for rent desires to take possession of the property levied upon, it shall be the duty of the levying officer to take a bond for the delivery of the property at the time, and place of the sale, provided it shall be subject to the rent, and that such bond is in addition to the replevy bond required by law in such cases. The act further provides that "if the tenant shall file a counter-affidavit to said distress warrant requiring the giving of a replevy bond as now provided by law, it shall be lawful for the levying officer to accept the same security on both bonds, and on the trial of the case the plaintiff shall elect whether he will take a money verdict or whether he will proceed against the property so levied upon." All judgments rendered at the same term of court shall be considered, held, and taken to be of equal date, and no execution shall be entitled to any preference by reason of being first placed in the hands of the levying officer. Civil Code (1910), § 5944. Whether the lien which attached on the levy of the distress warrant would have continued in force had the landlord elected to proceed against the property as provided in the act is not in this case decided. Having failed to make such election, the landlord is bound by the law as it existed prior to this act. The judgments, having all been rendered at the same term, were of equal date and of equal rank and dignity.

It is argued by counsel for defendant in error that Knothe Brothers Company held claims against the common debtors in large sums, and that inasmuch as the debtors were in failing condition and ought to have had on hand a large stock of goods with which to meet their indebtedness, this company caused the replevy bond to be given in order that it might investigate the affairs of the debtors in the interest of its claims, promising to indemnify the National Surety Company, the security on the bond, against loss upon such undertaking. Upon this promise, it is contended that if the funds should be prorated among the several creditors, the deficiency in the amount awarded to Witt, the landlord, must be borne by Knothe Brothers Company, and that it would be unjust and inequitable thus to penalize the diligent creditor. Whether our judgment would be different if the facts to which we have just referred were shown in the record, we find nothing whatsoever in substantiation thereof except the letter to Mr.

Greene, quoted above. Whatever may be the meaning and effect of this letter, it is dated exactly thirty days after the filing of the counter-affidavit and bonds in the distress warrant proceeding, and hence could not possibly be construed as showing that Knothe Brothers Company became responsible for any loss that might be sustained by the surety on either of such bonds. It is true that money rules are in the nature of equitable proceedings and that the court must award the money in the hands of the officer to the person equitably entitled to it. *Coleman* v. *Slade,* 75 *Ga.* 61 (15) ; *Hinton* v. *Burns,* 20 *Ga. App.* 467, 469 (93 S. E. 120) ; *Thrash* v. *Harman,* 21 *Ga. App.* 98 (94 S. E. 54). But in this case we see no equities either in favor of Witt or in favor of Knothe Brothers Company, which company was never a party to the case, superior to the claims of the plaintiffs in error.

The judgment in favor of Witt does not show expressly upon which of the bonds it was predicated. We are holding that it was based upon the replevy bond, for the following reasons : An election to proceed against the property would have relieved the replevy bond entirely and placed the liability altogether on the forthcoming bond, and even the latter bond would have been satisfied if the property was forthcoming at the time and place of the sale. Furthermore, in the ordinary course, a judgment could not be taken on the forthcoming bond in the main action, but a separate suit would be required as for a breach thereof if the property was not forthcoming, although as to a replevy bond the rule is otherwise. Again, the property was treated as being in custodia legis; hence there was no breach of the forthcoming bond. From any viewpoint, the judgment appears to have been taken on the replevy bond, and, this being true, there was no election to proceed against the property within the meaning of the act of 1920. In the absence of such election, that statute is immaterial.

We think that the fund in controversy should have been distributed ratably among all the judgments, and we accordingly reverse the judgment.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*