## STEPHENS *v.* STEPHENS.

No. 8094. DECEMBER 11, 1930.

*F. L. Breen,* for plaintiff in error.

*A. S. Howell* and *O. T. Lester,* contra.

GILBERT, J. It appears from the record that in 1927 Mrs. Harriett Stephens brought suit against Abner C. Stephens for divorce and for alimony temporary and permanent. A judgment for temporary alimony was granted on April 12, 1927. On October 12, 1928, the second concurring verdict, awarding a total divorce and permanent alimony of $32 per month, was returned. On August 11, 1930, a petition was filed, alleging that the husband was in contempt of court for failure to pay temporary and permanent alimony to the amount of $1280. This petition also prayed for the writ of ne exeat. The writ of ne exeat was granted; and the contempt case coming on for a hearing on August 15, 1930, the defendant was adjudged in contempt, and was allowed to purge himself of the same by the payment of $100. On August 19, 1930, the wife filed a petition alleging that the husband was then due the amount of $659 as permanent alimony, and that petitioner was

entitled to a fi. fa. to enable her to proceed against the property of the defendant, and praying that the court direct "an order that a fi. fa. issue," etc. On the same day one of the judges of the superior court of Fulton County "ordered and directed" that fi. fa. be issued. On August 27, 1930, the wife filed another petition alleging that the husband was in arrears for permanent alimony in the sum of $576, which he refused to pay, and that she was entitled to a fi. fa.; and the court directed an "order" and that fi. fa. issue against the said Abner C. Stephens for the sum of $576, for temporary alimony past due. On the next day the judge revoked the order because inadvertently granted, and ordered that the fi. fa. be canceled. In the same order he issued a rule nisi directed to the defendant, for a hearing "before the judge presiding in the motion division on September 13, 1930, at 9:30 a. m., why said fi. fa. should not be issued as prayed." The defendant answered the rule nisi, and denied that he was indebted in any sum accrued prior to August 19, 1930; setting up that on that date judgment and execution were had against him in the sum of $659, and that said judgment was conclusive against the plaintiff.

On September 3, 1930, another judge of the superior court of Fulton County issued the following order: "The above petition coming on for a hearing, and after hearing from both plaintiff and the defendant, it is hereby ordered that the same be and is hereby granted, and the clerk of this court is hereby directed to issue a fi. fa. in the sum of $576 against Abner Colwell Stephens in favor of Harriett Johnson Stephens." The exception is to this judgment, as follows: "To this ruling defendant assigns error, in that a judgment had been previously granted on August 19, 1930, by a court of competent jurisdiction, which was conclusive between the parties as to all matters put in issue, or which, under the rules of law, might have been put in issue in the cause wherein the judgment was rendered."

1. A plaintiff to whom temporary and permanent alimony has been granted, payable in installments, is entitled to an execution or fi. fa. for the purpose of enforcing the judgment whenever and as often as an installment or installments become due and are unpaid. The clerk of the court is required by law to issue such fi. fa. on request of the plaintiff or the plaintiff's attorney, as a matter of right; and it is not essential that a judgment should

592

be obtained from the court for that purpose. *Raines* v. *Raines*, 138 *Ga.* 790 (76 S. E. 51); *Coulter* v. *Lumpkin*, 94 *Ga.* 225 (21 S. E. 461).

2. Where a judgment for alimony is payable in installments and more than one fi. fa. has been issued, no fi. fa. can lawfully include any amount which has been included in a previous fi. fa.; but if such is done, it amounts to an irregularity, and is a defect which may be cured by amendment.

3. The order signed by the judge, directing the clerk to issue the fi. fa., is not such a judgment as will afford a basis for a direct bill of exceptions. Accordingly the writ of error is

*Dismissed. All the Justices concur.*