## 23890. HORTON v. WRIGHT.

STEPHENS, J. Where property has been levied on under a distress warrant, the bond executed by the defendant which is conditioned to "pay the plaintiff the amount of the judgment and the cost that he may recover in said case" is a bond for the eventual condemnation money. Civil Code (1910), § 5391. As provided in section 5391 of the Civil Code of 1910, the bond required of the defendant for the eventual condemnation money is to be executed when the defendant files a counter-affidavit that the sum or some part of the sum distrained for is not due. "No issue arises between the plaintiff and the defendant until the distress proceedings are arrested in the manner prescribed by the statute," and "no liability attaches to the bond until that issue is disposed of adversely to the defendant; the liability is solely dependent upon the result of that issue, and not upon the distress warrant, which is rendered functus by the creation of that issue." Gober v. Barry, 4 Ga. App. 4, 6 (60 S. E. 807). Where the defendant executed the bond conditioned for the payment of the eventual condemnation money, and filed no counter-affidavit denying the indebtedness or any part thereof, and took possession of the property levied on, the bond, although it may not have been given in the terms of the statute, in that no counter-affidavit was filed, and although it may have been a voluntary or common-law bond, was nevertheless a bond conditioned to pay the eventual condemnation money which might arise out of a judgment for the plaintiff against the defendant upon the issue made by the filing of the counter-affidavit. Where no counter-affidavit is filed and no judgment is rendered against the defendant, and the affidavit upon which the distress warrant issued is the only final process, there arises no liability under the bond. The petition of the plaintiff, in a separate common-law suit upon the bond, against the sureties thereon, where it appeared affirmatively that no counter-affidavit was filed and no judgment was rendered for the plaintiff against the defendant upon an issue formed by counter-affidavit, failed to set out a cause of action, and the court erred in overruling the general demurrer thereto.

Judgment reversed. Sutton, J., concurs. Jenkins, P. J., disqualified.

DECIDED FEBRUARY 22, 1935.

M. F. Adams, E. J. Summerour Jr., for plaintiff in error.
R. C. Jenkins, contra.