25158.   MYERS v. MORRIS et al.

SUBMITTED APRIL 16, 1969—DECIDED MAY 8, 1969.

*James R. Venable, Margaret Hopkins,* for appellant.

*Olin Rambo, Rary & Rambo, Harold Sheats, Paul Anderson,* for appellees.

ALMAND, Presiding Justice. This case had its origin in September, 1964, when Elsie Myers filed her petition against Riley T. Morris and another. She prayed that Morris be restrained from interfering with the occupancy by her and her minor child of the premises at 1534 Howell Mill Road, Atlanta, and from prosecuting a case in the Civil Court of Fulton County to dispossess her from the premises.

On this petition, a temporary injunction was granted and remained in effect until the final dismissal of the case on January 6, 1969.

The defendant, Morris, filed his answer in which he asserted that he was the lawful owner of the Howell Mill Road premises, and attached to his answer a copy of a deed executed under power of sale to him on July 3, 1962, conveying title to said premises.

After several amendments were filed by the parties and a counterclaim was filed by the defendant, Morris, the court, on January 6, 1969, sustained the motion of Morris for a judgment on the pleadings, affidavits and interrogatories of the parties, and dismissed the case.

On Jaunary 23, 1969, the defendant Morris dismissed his counterclaim wherein he had sought to enjoin the plaintiff from enforcing by execution and sale of the Howell Mill Road premises, a fi. fa. issued on January 12, 1968. Said fi. fa. had been issued by reason of the unpaid instalments of alimony resulting from a divorce and alimony decree in favor of the plaintiff and against her former husband, Chester A. Myers, in January, 1951.

On January 17, 1969, plaintiff filed her motion to stay the enforcement of the judgment of January 6, 1969, dismissing her case.

On February 3, 1969, the plaintiff filed her motion to quash the voluntary dismissal of the counterclaim of the defendant and moved that the issues raised by the counterclaim be placed on the jury trial list. This motion was denied on February 3, 1969. Notice of appeal was filed on February 4, 1969, from the order of January 6 dismissing the plaintiff's case and from the overruling of the motion of February 3, 1969.

■ At the time of the institution of this suit, the plaintiff's claim to the possession of the Howell Mill Road premises was by virtue of the divorce decree in Fulton Superior Court of January 16, 1951. In this decree she was granted possession of the said premises under the following language of the decree: "That Chester A. Myers shall pay the sum of seventy-five ($75) Dollars unto Elsie Mae Myers for the support and maintenance

of the minor children, namely Bettie Ann Myers, Jerry L., Franklin D., and Charles A. Myers. Said payments shall be made as follows: $37.50 on the 15th of January, 1951, $37.50 upon the 1st of February 1951, and $37.50 on the first and fifteenth day of each and every month thereafter until the youngest child reaches his twenty-first birthday, and during said period of time, Mrs. Elsie Mae Myers shall occupy said house as long as she has custody of these named children, said possession being exclusive during said period, together with use of household furniture." Appellant alleged that at the time of the filing of the instant suit, only one minor child, Charles A. Myers, age 16, was living with her.

At the time of the dismissal of her case on January 16, 1969, the record disclosed that this child, Charles A. Myers, had married, and the trial judge, in his order, recited that, "this marriage of the plaintiff's youngest child, as a matter of law terminated plaintiff's custody of said child, and plaintiff no longer has any right whatever to possession of the premises in question."

Whether the court was or was not correct in this regard need not be determined here. Counsel for the appellant concedes that the question of her right to possession has become moot because the youngest child became 21 years old on April 7, 1969, and appellant has vacated the premises. This is supported by the record.

The question of the appellant's right to possession of the premises having become moot, the court was correct in dismissing this issue.

■ It appears from the pleadings that on March 1, 1960, Chester A. Myers, the appellant's former husband, executed a deed to E. B. Burdine and Margaret Hopkins to secure a debt of $2,500. This security deed was transferred to the defendant Morris on August 5, 1961, and he foreclosed by sale under power, and became the title owner on July 2, 1962.

In July, 1968, the appellant obtained the issuance of a fi. fa. in a named sum of money, representing the alleged unpaid monthly instalments of alimony. In his counterclaim, the defendant sought to enjoin the sale of the subject property under the fi. fa. In response to this counterclaim, the appellant

prayed: (a) that the transfer of the security deed from Burdine and Hopkins to the defendant Morris be canceled; (b) that her lien be declared fully effective as to the accrued alimony; and (c) that her fi. fa. issued in July, 1968, for back alimony be satisfied by a sale of the subject premises. The appellant contends that these issues of fact were in the case, and that it was error to dismiss her case.

With these contentions we cannot agree.

(a) Appellant was not entitled to maintain her action for cancellation of the transfer of the security deed from Burdine and Hopkins to Morris for the reason that these parties, absent here, are essential parties to the prayer for cancellation. *Bank of LaFayette v. Giles,* 208 Ga. 674 (69 SE2d 78); *Jackson v. Watts,* 223 Ga. 70 (154 SE2d 195).

(b) The 1951 decree for alimony and support of the minor children provided for payment in monthly instalments, not a fixed gross sum. Further, no lien was expressly created on the subject premises. At the time the defendant acquired his deed to the premises in 1962 there existed no lien against the property. *Chero-Cola Co. v. May,* 169 Ga. 273 (149 SE 895, 66 ALR 1469); *Pharr v. Pharr,* 206 Ga. 354 (57 SE2d 177). Appellant's petition for the imposing of a lien on the property and for its sale under the fi. fa. issued in 1968 stated no cause for relief.

■ It is contended that the defendant had no right to voluntarily dismiss his counterclaim and that the court erred in refusing the motion to vacate the dismissal. We find nothing in the Civil Practice Act of 1966 (*Code Ann.* § 81A-141; Ga. L. 1966, p. 609) that prohibits a defendant, after the involuntary dismissal of the plaintiff's petition, from dismissing his counterclaim.

The court did not err in dismissing the plaintiff's case or in refusing to vacate the defendant's dismissal of his counterclaim.

*Judgment affirmed. All the Justices concur.*