## 28071. WOOD v. ATKINSON.

GUNTER, Justice. This appeal involves one essential issue: whether that part of Code § 30-204 which provides that an alimony judgment may be enforced by writ of fieri facias is constitutional or unconstitutional.

In 1959 the appellee obtained an alimony judgment, payable in instalments, against appellant. In 1970 the appellee presented to the clerk of court in which the alimony judgment had been rendered her affidavit showing the total amount due pursuant to the judgment. Appellee requested that an execution or fi. fa. be issued in the amount claimed in the affidavit. The clerk of the court issued the execution in the amount claimed in the affidavit, and the execution was recorded in the general execution docket.

The appellant's contention is that the issuance of an execution in this manner, without giving the defendant in execution notice and a hearing with respect to the issuance of the fi. fa. and the amount thereof, is a denial of procedural due process under both the Georgia and Federal Constitutions.

Appellant cites in support of his contention the decisions in *Sniadach v. Family Service Corp.,* 395 U. S. 337 (89 SC 1820, 23 LE2d 349), *Blocker v. Blackburn,* 228 Ga. 285 (185 SE2d 56), and *Hall v. Stone,* 229 Ga. 96 (189 SE2d 403).

The trial court held that the Georgia statute attacked is constitutional and we affirmed that judgment.

In *Stephens v. Stephens,* 171 Ga. 590 (156 SE 188), this court said that one in whose favor an alimony judgment has been granted, though payable in instalments, is entitled to an execution or fi. fa. for the purpose of enforcing the judgment whenever and as often as an instalment or instalments become due and are unpaid. That decision further held that the clerk of the court is required by law to issue such fi. fa. on request of the plaintiff or the plaintiff's attorney, as a matter of right; and it is not essential that a judgment should be obtained from the court for that purpose.

Sniadach and its progeny are not applicable in this case. The mere issuance and recording of an execution in the general execution

docket is not a "taking" of the property of the defendant in execution. The defendant in execution is in no way deprived of the possession or use of his property. Before a "taking" pursuant to the execution can be effected, it is necessary that there be a levy pursuant to the execution and a sale by the levying officer. In such a situation Georgia procedure provides adequate notice and provision for a hearing if the defendant in execution contends that the levy and sale pursuant to the levy are proceeding illegally.

In this case the execution was issued pursuant to a valid judgment of the court issuing the execution; and it is quite proper to issue an execution pursuant to a valid judgment. If the issued execution is invalid for any reason, or if it is issued in an erroneous amount, the defendant in execution has ample opportunity to contest such illegality under Georgia procedure prior to the time of the "taking" of his property.

The constitutional attack on this Georgia statute is without merit. *Judgment affirmed. All the Justices concur.*

ARGUED JULY 12, 1973 — DECIDED OCTOBER 25, 1973.

*Vaughn & Barksdale, Sidney L. Nation,* for appellant.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, A. Jay Schwartz,* for appellee.

*Arthur K. Bolton, Attorney General, Alfred L. Evans, Jr., Assistant Attorney General, Wayne P. Yancey, Deputy Assistant Attorney General,* amicus curiae.