## 55093. CITIZENS & SOUTHERN NATIONAL BANK v. WRAY et al.

BELL, Chief Judge.

Plaintiff bank had a summons of garnishment issued and served on the garnishee, First Federal Savings & Loan Association of Milledgeville, in an effort to obtain partial payment of a judgment that it had obtained against the defendant Wray. The bank's judgment was entered on February 19, 1976. The garnishee answered that it had in its possession $4,262.18 belonging to the defendant and it paid this sum into the registry of the court. American Petrofina, the claimant, filed a claim to this fund of defendant by reason of a judgment it had obtained against defendant entered on August 6, 1974. The plaintiff and the claimant both later moved for distribution of the money paid into the registry of court. The court ordered the clerk, after deducting the costs of the garnishment, to pay the balance of the fund to the claimant American Petrofina. *Held:*

Cases decided by the Supreme Court hold that where a junior judgment creditor initially causes a summons of garnishment to be served and brings funds into court, he obtains no priority in the distribution of the funds over another judgment creditor who has an older judgment and the senior judgment creditor will take the fund. *Garrard v. Moffett,* 51 Ga. 93; *Patterson v. Beck,* 133 Ga. 701 (66 SE 911). The plaintiff attempts to distinguish these cases because they were decided when former Code § 46-502 was in effect, which provided in part that money raised by virtue of the process of garnishment shall be paid to the

creditors of the defendant ". . . according to the priorities established by law, . . ." The 1976 amendment to our garnishment statute repealed Code § 46-502 and the new statute on the subject of distribution of funds, Code § 46-513, provides that the funds ". . .shall be distributed in accordance with the law governing the relative priorities of claims, judgments and liens." Plaintiff contends that the reference to priorities of *"liens"* in the statute requires the application of the law on the relative priority of liens; that since the fund in the hands of the garnishee was only a chose in action no lien by reason of a judgment attached to the funds held by the garnishee until the service of the summons of garnishment; and since plaintiff first caused the service of the summons of garnishment its lien on this chose in action attached and would have priority to take the fund over the claim of American Petrofina which was made subsequent to the issuance of the summons.

The fund which was the subject of this garnishment constituted a chose in action under our statutory definition of that term as found in Code § 85-1801. It defines the term as "Personalty to which the owner has a right of possession in future, or a right of immediate possession, wrongfully withheld, is termed by the law a chose in action." It is a correct legal proposition also that a judgment lien on a chose in action attaches from the date of the service of summons of garnishment and not from the date of judgment. *Armour Packing Co. v. Wynn,* 119 Ga. 683 (46 SE 865). Be that as it may, Code § 46-513 also refers to the priorities of "judgments" and this case deals with judgments and not liens. Liens may attach in a variety of ways and not exclusively by judgment. This is a clear indication of a legislative intent to apply the older judgment rule as set forth in the above older Supreme Court decisions. To hold otherwise would require us to ignore the statute's plain language. As the claimant's judgment was the older one, the trial court correctly decided the case in its favor.

*Judgment affirmed. Shulman and Birdsong, JJ., concur.*

ARGUED JANUARY 17, 1978 — DECIDED FEBRUARY 8, 1978.

*Hall, Bloch, Garland & Meyer, William D. Harrison, Benjamin M. Garland,* for appellant.

*Dickens, Mangum & Burns, Joel D. Burns,* for appellees.