DECIDED FEBRUARY 9, 1981.

*Camille Hope,* for appellant.
H. Thomas Patton, Jr., *pro se.*

## 61263. CALE v. HALE et al.

DEEN, Presiding Judge.

Nancy Cale and Ronald Hale were granted a final divorce on November 10, 1975. The decree incorporated a settlement agreement under which Hale was ordered to pay $100 per month alimony and $600 per month child support.

On March 17, 1980, Autumn L. Call obtained a judgment against Hale in the Superior Court of Fayette County in the amount of $12,092. On March 18, 1980, a writ of fieri facias was issued, and it was recorded on the general execution docket of Fulton County on March 21, 1980.

On March 26, 1980, Nancy Cale filed an affidavit showing that Hale was $4,020 in arrears in his monthly alimony and child support payments and a writ of fieri facias was issued. On March 27, 1980, a summons of garnishment was issued and the garnishee and Hale were served with garnishment.

On April 28, 1980, the garnishee paid $3,797.24 into the registry of the court. On May 13, 1980, Autumn Call filed her claim to $2,017.75 of these funds as permitted under Code Ann. § 46-404.

Nancy Cale brings this appeal from the trial court's order which found that Autumn Call's judgment was entitled to priority over her claim for unpaid alimony and child support. *Held:*

Under Code Ann. § 46-512, "If a claim has been filed, all parties of record may introduce evidence to establish their respective interests in the money or other property in court, and the court shall direct that the money or other property be distributed in accordance with the law governing priority of claims."

The priority of judgments is determined under Code Ann. § 110-507 which provides: "All judgments obtained in the superior, justices', or other courts of this State shall be of equal dignity, and *shall bind all the property of the defendant, both real and personal, from the date of the judgment . . ."* (Emphasis supplied.) The creditor with the older judgment takes priority over the junior creditor in the distribution of garnishment funds. *C. & S. Bank v. Wray,* 144 Ga. App. 769 (242 SE2d 365) (1978).

Divorce judgments, however, are an exception to the rule that all the property of the defendant is bound from the date of the judgment. Recognizing that public policy favors the free alienation of private property and the need of the divorced husband to be able to continue transacting business without a lien against his property, the court in *Chero-Cola Co. v. May,* 169 Ga. 273 (149 SE 895) (1929), held: "A judgment for permanent alimony, payable in stated monthly installments, and not for a fixed gross sum, does not create a lien for monthly installments *not due when creditors acquired their liens,* upon the property of the husband which he then owns or may afterwards acquire, superior to liens which he may subsequently create on such property in favor of other creditors, where no lien is expressly created upon such property in the judgment for alimony." (Emphasis supplied.) In reliance upon *Chero-Cola,* supra, subsequent cases have also held that a judgment for permanent alimony does not create a lien for future monthly installments unless a lien is expressly created against the property in the alimony judgment. *Wallace v. Wallace,* 189 Ga. 220 (5 SE2d 580) (1939); *Roberson v. Roberson,* 199 Ga. 627 (34 SE2d 836) (1945); *Pharr v. Pharr,* 206 Ga. 354 (57 SE2d 177) (1950); *Myers v. Morris,* 225 Ga. 285 (168 SE2d 152) (1969).

As Nancy Cale's judgment for alimony was payable in future monthly installments and did not expressly create a lien on Hale's property, this case seems to fall within the purview of the above-cited cases. In *Chero-Cola,* supra, the court recognized an exception to the no lien rule where there is an execution against the property or an attachment of the proceeds of the sale of the defendant's property for past due installments. The present case also comes within this exception because Nancy Cale garnished the proceeds of the sale of defendant's property. The sole issue for decision is whether Nancy Cale's fi. fa. relates back to the date of the original judgment and thus defeats Autumn Call's judgment.

Relying upon *Stephens v. Stephens,* 171 Ga. 590 (156 SE 188) (1930), the court in *Wood v. Atkinson,* 231 Ga. 271 (201 SE2d 394) (1973) held: "[O]ne in whose favor an alimony judgment has been granted, though payable in installments, is entitled to an execution or fi. fa. for the purpose of enforcing the judgment whenever and as often as an installment or installments become due and are unpaid ... [T]he clerk of the court is required by law to issue such fi. fa. on request of the plaintiff or the plaintiff's attorney, as a matter of right; and it is not essential that a judgment should be obtained from the court for that purpose." But see *Black v. Black,* 245 Ga. 281 (264 SE2d 216) (1980) for a discussion of the reason the issuance of a fi. fa. is not a prerequisite to the issuance of the summons of garnishment.

Clearly, under the holdings in *Stephens,* supra, and *Wood,* supra, Nancy Cale's fi. fa. and summons of garnishment relate back to the original judgment and she takes priority as the holder of the oldest judgment as that rule is set forth in *C. & S. Bank v. Wray,* supra. She can, however, take priority only in that portion of the garnishment fund which represents Hale's arrearage on the date of Autumn Call's judgment because the *Chero-Cola* case holds that she does not have a lien at that date for future installments that were not yet payable. The trial court is therefore directed to conduct a hearing to determine the amount of alimony in arrears on March 17, 1980, and to award that amount to Nancy Cale as well as the costs of the garnishment as provided in Code Ann. § 46-513.

*Judgment reversed with direction. Banke and Carley, JJ., concur.*

DECIDED FEBRUARY 9, 1981.

*Jon W. McClure,* for appellant.
*John P. McNaughton,* for appellees.