61541. WELLINGTON v. LENKERD COMPANY, INC. et al.

DEEN, Presiding Judge.

This appeal is concerned with the priorities of judgments in a garnishment fund.

On March 19, 1980, appellant brought a prejudgment garnishment action in connection with a pending suit against The Lenkerd Co. on a promissory note. Two of the garnishees returned $1,929.49, a pick-up truck, and a utility trailer into the registry of the court. Special Products Co. obtained a default judgment in the amount of $7,190.62 on March 3, 1980, and Delta, Inc. of Arkansas obtained a default judgment for $1,657.43 on April 17, 1980. Both parties filed a claim to the garnishment fund. On July 11, 1980, appellant obtained summary judgment for $23,569.97. Appellant contends that the trial court erred in holding that the claims of the three judgment creditors to the garnishment fund have priority in accordance with the dates of the respective judgments because all three judgments were obtained at the same term of court and are thus considered as a matter of law to be of equal force and date and should share the garnishment fund on a pro rata basis. *Held:*

We take judicial notice that all judgments were obtained at the same term of court. (See Ga. L. 1980, p. 4769.)

Under Code Ann. § 110-507: "All judgments obtained in the superior, justices', or other courts of this State, shall be of equal dignity, and shall bind all the property of the defendant, both real and personal, from the date of such judgment, except as provided in this Code." The exception which affects this case is found in Code Ann. § 110-505 which provides: "All judgments signed on verdicts rendered at the same term of the court shall be considered, held, and

taken to be of equal date." (See also Code § 39-112 which provides: "In the case of judgments signed on verdicts rendered at the same term of court, no execution shall be entitled to any preference by reason of being first placed in the hands of the levying officer.")

Appellant argues that because all judgments are considered to be of equal dignity, there should be no distinction made between jury verdicts obtained at the same term of court and other types of judgments obtained at the same term of court.

Code Ann. § 110-507 was originally enacted in 1799 and Code §§ 110-505 and 39-112 were enacted in 1822. In *Johnson v. Mitchell,* 17 Ga. 593 (1854), the Supreme Court had to decide whether fi. fas. from the Justice's Court dated February 26, 1853, were entitled to priority over a judgment signed on March 14, 1853, which was based on a confession of judgment dated February 23, 1853, and the term at which it was obtained commenced on February 21, 1853. In determining that the fi. fas. from the Justice's Court were entitled to priority because they were from another court and first signed, the court reviewed the common law and the original statutes. The court found that at common law lands were bound from the signing of the judgment as to purchasers and personalty was bound from the delivery of the execution of the sheriff. "The 26th section of our Judiciary Act of 1799 declares, that 'all the property of the party against whom such verdict shall be entered, shall be bound from the signing of the first judgment; but where several judgments shall be of equal date, the first execution delivered to the Sheriff shall be first satisfied.' And this Act, in our opinion, effectually repealed the Common Law rule and the provisions of the Statute of Frauds, above cited. Such has been the almost uniform construction given to the Act, we believe. The 2d section of the Act of 1822, declaring that 'all judgments signed on verdicts rendered at the same term of the Court, be considered, held and taken to be of equal date; and no execution founded on said judgments, obtained at the said term as aforesaid, shall be entitled to any preference by reason of being first placed in the hands of the officer,' again modified the Statute of 1799, and *made all judgments of equal date and effect, which were obtained at the same term of Court;* thus, in effect, restoring the Common Law rule just mentioned, as to such judgments; but as to all others, leaving the provision of the Act of 1799, that all the property of the defendant shall be bound from the signing of the first judgment, in full effect." Id., at 594. (Emphasis supplied.)

Clearly the language in *Johnson v. Mitchell,* supra, indicates that the Supreme Court at that time did not consider the statute to be applicable only to jury verdicts as urged by the appellee in the present case.

In *Kirsch v. Witt,* 37 Ga. App. 402 (140 SE 511) (1927) (a case involving several judgments against the defendant obtained at the same term of court including a judgment in favor of Witt in a distress warrant proceeding which was tried before a judge sitting without a jury), the court held that the court erred in not distributing the fund ratably among the several lienholders and held: "All judgments rendered at the same term of court shall be considered, held, and taken to be of equal date, and no execution shall be entitled to any preference by reason of being first placed in the hands of the levying officer . . . *The Judgments, having all been rendered at the same term, were of equal date and of equal rank and dignity."* (Emphasis supplied.) Id. at 405.

Although appellee urges this court to construe Code Ann. § 110-505 to mean that only jury verdicts rendered at the same term of court are of equal date, the above cited cases indicate that this statute has already been construed to include all judgments. Accordingly, the trial court erred in not distributing the garnishment funds on a pro rata basis among the judgment holders. We find nothing in *C. & S. Bank v. Wray,* 144 Ga. App. 769 (242 SE2d 365) (1978) to require a different result. That case involved judgments taken at different terms of court.

*Judgment reversed. Banke and Carley, JJ., concur.*

DECIDED FEBRUARY 16, 1981 —
REHEARING DENIED MARCH 4, 1981.

*Duncan A. Roush,* for appellant.
*J. Michael Kaplan, Kenneth R. Fielder, Alvin W. Arnold, James H. Andros,* for appellees.